UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

TRAVELERS CASUALTY AND
SURETY COMPANY OF AMERICA,
a Connecticut corporation,

        Plaintiff,

   v.

SIDNEY B. DUNMORE, an
individual; SID DUNMORE
TRUST DATED FEBRUARY 28,
2003, a California trust;
SIDNEY B. DUNMORE, Trustee
for Sid Dunmore Trust Dated
February 28, 2003; DHI
DEVELOPMENT, a California
corporation,

        Defendants.
_____/

NO. CIV. S-07-2493 LKK/DAD

O R D E R

    Pending before the court is defendant Sidney Dunmore's Request for Reconsideration of the Magistrate Judge's ruling on plaintiff's motion to compel production of defendant Dunmore's tax returns.

### I. Procedural Background

    In this action, plaintiff seeks to be indemnified against loss related to bonds issued to Dunmore Homes and related entities,

1

pursuant to applicable indemnity agreements. On January 15, 2010, plaintiff served a Request for Production of Documents on defendant Dunmore, requesting federal income tax documents for the years 2003-2008. Defendant Dunmore's response to the request for production stated that the tax documents were privileged and irrelevant. Plaintiff filed a motion to compel production of the tax documents on September 24, 2010, and a hearing was held before Magistrate Judge Drozd on October 22, 2010.

On October 25, 2010, the magistrate judge granted a motion by plaintiffs to compel production of defendant's tax returns. ECF No. 191. The magistrate judge stated that the motion was granted "for the reasons stated on the record." Id. Defendant timely filed a motion to reconsider the magistrate's order on November 4, 2010, but did not file a transcript of the hearing until March 24, 2011. Plaintiff Travelers Casualty and Surety Company have filed an opposition to the Motion to Reconsider, ECF No. 202. For the reasons discussed below, defendant's motion to reconsider is DENIED.

## I. Standard for a Motion to Reconsider a Magistrate Judge's Nondispositive Ruling

Local Rule 303 provides that a party may seek reconsideration by a district judge of a magistrate judge's rulings on discovery matters. "The standard that the assigned judge shall use in all such requests is the 'clearly erroneous or contrary to law' standard." Local Rule 303 (f). See also Fed. R. Civ. P. 72(a) (for nondispositive matters decided by a magistrate judge, the district

2

judge must "modify or set aside any part of the order that is clearly erroneous or contrary to law.")

## II. Analysis

California courts have "interpreted state taxation statutes as creating a statutory privilege against disclosing tax returns." Weingarten v. Superior Court, 102 Cal. App. 4th 268, 274 (2002). This privilege is waived when "circumstances indicate an intentional waiver of the privilege." Id.

At the hearing on plaintiff's motion to compel production of defendant's tax returns, the Magistrate Judge stated that an indemnity agreement between the parties that states that defendant Dunmore "shall furnish, upon demand, and [Travelers] shall have the right of free access to, at reasonable times, the records of indemnitors including, but not limited to books, papers, records, documents, contracts, reports, financial information, accounts and electronically stored information, for the purposes of examining and copying them" constitutes a waiver of the state-law privilege against disclosing tax returns. See Transcript of October 22, 2010 Hearing ("hearing transcript") 2:19-3:2, ECF No. 231. Magistrate Judge Drozd stated ". . . it's a very broad disclosure provision. . . . I can't fathom any interpretation of that clause that would not require him to turn over his tax returns under the agreement." Id.

The court finds no clear error in Magistrate Judge Drozd's conclusion that defendant had waived the California law privilege against disclosing tax returns. The indemnity agreement between the parties requires defendant to turn over "records, documents, . .

3

financial information" and other documents listed. The court finds no clear error in Magistrate Judge Drozd's conclusion that this broad provision constitutes circumstances that indicate an intentional waiver of the privilege.

**IV. Conclusion**

Defendant's Motion for Reconsideration, ECF No. 197 is DENIED.

IT IS SO ORDERED.

DATED: September 29, 2011.

/s/ Lawrence K. Karlton
LAWRENCE K. KARLTON
SENIOR JUDGE
UNITED STATES DISTRICT COURT

4