Donald J. Colucci, Esq., SBN 148388
Daniel C. Welch, Esq., SBN 233244
WOLKIN · CURRAN, LLP
555 Montgomery Street, Suite 1100
San Francisco, California 94111
Telephone:     (415) 982-9390
Facsimile:      (415) 982-4328

Attorneys for Plaintiff,
TRAVELERS CASUALTY AND SURETY
COMPANY OF AMERICA

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

### SACRAMENTO DIVISION

| | |
|---|---|
| TRAVELERS CASUALTY AND SURETY COMPANY OF AMERICA, a Connecticut corporation,<br><br>Plaintiff,<br><br>v.<br><br>SIDNEY B. DUNMORE, an individual; SID DUNMORE TRUST DATED FEBRUARY 28, 2003, a California trust; SIDNEY B. DUNMORE, Trustee for Sid Dunmore Trust Dated February 28, 2003; DHI DEVELOPMENT, a California corporation; WILLIAM M. NIEMI, an individual; BETH H. NIEMI, an individual; WILLIAM & BETH NIEMI, 1985 REVOCABLE FAMILY TRUST, a California trust.<br><br>Defendants.<br><br>AND RELATED COUNTERCLAIM | Case No. 2:07-CV-02493-LKK-DAD<br><br>**STIPULATED PROTECTIVE ORDER REGARDING CONFIDENTIAL INFORMATION** |

The parties to this action, by and through their respective undersigned counsel, hereby stipulate and agree to the requested entry of the following protective order:

1. In connection with discovery proceedings in this action, the parties may designate any document, thing, material, testimony or other information derived therefrom as "Confidential"

1.

under the terms of this Stipulated Protective Order (hereinafter "Order"). Confidential information is information which has not been made public and which concerns or relates to the processes, operations, job cost reports or work, or to the amount or source of any income, profits, losses, or expenditures, of any persons, firm, partnership, corporation, or other organization, the disclosure of which information may have the effect of causing harm to the competitive position of the person, firm, partnership, corporation, or to the organization from which the information was obtained. Confidential information may include information related to documents associated with analysis of the processes, operations, or work, or the amount or source of any income, profits, losses, or expenditures, of any persons, firm, partnership, corporation, or other organization, the disclosure of which information may have the effect of causing harm of the person, firm, partnership, corporation, or to the organization from which the information was obtained or to whom the information relates.

By designating a document, thing, material, testimony, or other information derived therefrom as "Confidential," under the terms of this Order, the party making the designation is certifying to the court that there is a good faith basis both in law and in fact for the designation within the meaning of FRCP, Rule 26 (c). Blanket designation of documents or information as Confidential *en masse* and/or without regard to the specific contents of each document or piece of information, is prohibited. No party may, pursuant to this Order, designate as "Confidential" materials which constitute public records or materials which were obtained from third parties who owed no duty of confidentiality to the receiving or producing parties.

**All tax returns and related tax filings are *per se* confidential, and shall be treated as such, and the tax returns along with related tax filings themselves and information contained therein shall not be disclosed to any person or entity, and are to be used for purposes of this litigation only, subject to the requirements of this protective order.**

2.  Material designated as Confidential under this Order, the information contained therein, and any summaries, copies, abstracts, or other documents derived in whole or in part from material designated as Confidential (hereinafter "Confidential Material") shall be used only

for the purpose of the prosecution, defense, or settlement of the instant action or litigation having a relation to the instant action, including other cases involving the same or similar subject matter.

3. To the extent that a non-party believes it necessary to submit, in response to a subpoena or Request for Production of Documents in this action, Confidential Materials, this information shall submitted with, and identified by a declaration provided by an attorney representing such non-party verifying under penalty of perjury that he or she believes in good faith that the submitted materials constitute Confidential Materials pursuant to this Order. The cover page of this declaration shall include the language:

THIS DECLARATION AND THE EXHIBITS ATTACHED HERETO CONTAIN CONFIDENTIAL MATERIALS WHICH ARE NOT TO BE USED BY THE PARTIES EXCEPT PURSUANT TO THE TERMS OF THE PROTECTIVE ORDER.

4. Confidential documents shall be so designated by stamping copies of the document produced with the legend "CONFIDENTIAL." Stamping the legend "CONFIDENTIAL" on the cover of any multi-page document shall designate all pages of the document as Confidential, unless otherwise indicated by the producing party.

5. Testimony taken at a deposition, conference, hearing or trial may be designated as Confidential by making a statement to that effect on the record at the deposition or other proceeding. Arrangements shall be made with the court reported taking and transcribing such proceeding to separately bind such portions of the transcript containing information designated as Confidential, and to label such portions appropriately.

6. Confidential Material produced pursuant to this Order may be disclosed or made available only to the Court, the jury, any witness at trial, to counsel for a party (including the associate, paralegal, clerical, and secretarial staff employed by such counsel), and to the "qualified persons" designated below:

    (a) a party, or an officer, director, or employee of a party deemed necessary by counsel to aid in the prosecution, defense, or settlement of the instant action or litigation having a relation to the instant action, including other cases involving the same or similar subject matter;

3.

(b) experts or consultants (together with their clerical staff) retained by such counsel to assist in the prosecution, defense, or settlement of the instant action or litigation having a relation to the instant action, including other cases involving the same or similar subject matter; ;

(c) court reporter(s) employed in connection the instant action or litigation having a relation to the instant action, including other cases involving the same or similar subject matter;

(d) a witness at any deposition or other proceeding in the instant action or litigation having a relation to the instant action, including other cases involving the same or similar subject matter;

(e) any mediator or arbitrator selected by the parties; and

(f) any other person as to whom the parties in writing agree.

Prior to receiving any Confidential Material, each "qualified person" shall be provided with a copy of this Order and shall execute a nondisclosure agreement in the form of <u>Attachment A,</u> a copy of which shall be provided forthwith to counsel for each other party and for the parties.

7. Depositions shall be taken only in the presence of qualified persons.

8. Nothing herein shall impose any restrictions on the use or disclosure by a party of material obtained by such party independent of discovery in this action, whether or not such material is also obtained through discovery in this action, or from disclosing its own Confidential Material as it deems appropriate.

9. If Confidential Material, produced in response to Travelers' Request for Production of Documents, Set One, is included in any papers to be filed in Court, such papers shall be labeled "Confidential – Subject to Court Order." The party seeking to file such papers, must submit a request to seal documents pursuant to United States District Court of California, Eastern District Local Rule 141.

10. Parties submitting to the court purportedly Confidential Material to be sealed shall endeavor in good faith to restrict their filings or other submissions to Confidential

4.

Material that is reasonably necessary for the court to consider in connection with the issue or matter for which the Confidential Material is submitted.

11.   In the event that any Confidential Material is used in any Court proceeding in an action, it shall not lose its Confidential status through such use, and the party using such shall take all reasonable steps to maintain its confidentiality during such use.

12.   This Order shall be without prejudice to the right of the parties (i) to bring before the Court at any time the question of whether any particular document or information is Confidential or whether its use should be restricted or (ii) to present a motion to the Court for a separate protective order as to any particular document or information, including restrictions differing from those as specified herein. This order shall not be deemed to prejudice the parties in any way in any future application for modification of this Order.

13.   This Order is entered solely for the purpose of facilitating the exchange of documents and information between the parties and third parties under subpoena, without involving the Court unnecessarily in the process.

14.   This Order shall survive the final termination of this action, to the extent that the information contained in the Confidential Material is not or does not become known to the public, and the court shall retain jurisdiction to resolve any dispute; concerning the use of information disclosed hereunder.

15.   The parties agree to be bound by the terms of this Order pending its entry by the court, or pending the entry of an alternative thereto which is satisfactory to all parties, and any violation of its terms shall be subject to the same sanctions and penalties as if the Order had been entered by the court.

16.   This Order may be signed in counterparts.

17.   This order shall be retroactive to the date protected material (i.e. Tax Returns) was disclosed.

SO STIPULATED

Dated: October 31, 2011

By: /s/ Donald J. Colucci
Donald J. Colucci
Wolkin Curran, LLP
Attorney for TRAVELERS CASUALTY AND SURETY COMPANY OF AMERICA, a Connecticut corporation, Plaintiff,

,

Dated:   October 31, 2011

By: /s/ Gary W. Gorski
Gary W. Gorski
Attorney for Defendant SIDNEY B. DUNMORE

6.

EXHIBIT A

## AGREEMENT TO BE BOUND BY PROTECTIVE ORDER

The Undersigned, _____, a "qualified person" pursuant to the terms of the Stipulated Protective Order filed or to be filed in the matter of *Travelers Casualty And Surety Company Of America v. Sidney B. Dunmore, et al.,* USDC, Eastern District, Case No. 2:07-CV-02493-LKK-DAD hereby acknowledges that he or she has received a copy of the Stipulated Protective Order entered in that action, has read the same, and agrees to be bound by all of the provisions thereof.

Dated: _____   By: _____

GOOD CAUSE APPEARING

IT IS HEREBY ORDERED that all parties, their counsel and any other qualified person, as that term is defined in the Stipulated Protective Order, and other to whom confidential information is divulged, shall be bound by the terms of this Stipulated Protective Order.

IT IS SO ORDERED.

Dated:  November 16, 2011

_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DDAD1\orders.civil\travelers2493.stip.protord

8.