UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

TRAVELERS CASUALTY AND SURETY COMPANY OF AMERICA, a Connecticut corporation,

    Plaintiff,

v.

SIDNEY B. DUNMORE, an individual; SID DUNMORE TRUST DATED FEBRUARY 28, 2003, a California trust; SIDNEY B. DUNMORE, Trustee for Sid Dunmore Trust Dated February 28, 2003; DHI DEVELOPMENT, a California corporation,

    Defendants.

NO. CIV. S-07-2493 LKK/DAD

O R D E R

This case concerns various disputes arising out of Plaintiff and Counter-Defendant Travelers Casualty and Surety Company of America's ("Travelers") guarantee of performance bonds for certain home construction projects of Defendant Sidney B. Dunmore ("Dunmore").

Pending before the court is Defendant Dunmore's Request for

1

Reconsideration of the Magistrate Judge's ruling on Plaintiff's motion for sanctions. See Def's Req., ECF No. 246. For the reasons provided below, the court denies Defendant's request for reconsideration.

## I. PROCEDURAL BACKGROUND

In this action, Plaintiff Travelers seeks to be indemnified against loss related to bonds issued to Defendant Dunmore Homes, and various related individuals, trusts, and businesses. Travelers seeks, among other things, collateral security and the requisite documents to obtain collateral security.

**A. Plaintiff's Request for Production of Documents**

On January 15, 2010, Plaintiff served a Request for Production of Documents on Defendant Dunmore, requesting the following:

> 1. Any and all federal tax returns, including any and all schedules and addendums to said tax returns, for you, individually, for the years 2003-2008.
>
> 2. Any and all documents relating in any way to any federal income tax refund, payment, check, transmittal, wire transfer, remittance, or any transfer of funds from the federal government to you that arose out of an overpayment of federal taxes for any of the years 2003-2008.
>
> 3. Any and all documents showing any communications relating in any way to any federal income tax refund, payment, check, transmittal, wire transfer, remittance, or any transfer of funds from the federal government to you that arose out of your overpayment of federal taxes for any of the years 2003-2008.

Colucci Decl., ECF No. 171, Ex. 1 (Request for Production).

Defendant Dunmore's response to the request for production stated, among other arguments, that the documents requested were

2

1 privileged, irrelevant, and redundant of other requests. See id.
2 at Ex. 2 (Def's Resp.).

3     On September 24, 2010, Plaintiff filed a motion to compel
4 production of "all documents responsive to Travelers' Requests for
5 Production of Documents," and a hearing was held before Magistrate
6 Judge Drozd on October 22, 2010.  See Pl's Mot., ECF No. 169;
7 Minutes, ECF No. 190.

8     On October 25, 2010, the magistrate judge granted Plaintiff's
9 motion to compel production of all of the documents Plaintiff
10 sought in the motion to compel.  See Order, ECF No. 191
11 ("[P]laintiff's motion to compel is granted in its entirety.").
12 Defendant filed a motion to reconsider the magistrate judge's order
13 on November 4, 2010.

14     By order dated September 30, 2011, this court denied
15 Defendant's motion to reconsider, finding "no clear error in
16 Magistrate Judge Drozd's conclusion that defendant had waived the
17 California law privilege against disclosing tax returns."  Order,
18 ECF No. 235, at 3-4.  The court further found "no clear error in
19 Magistrate Judge Drozd's conclusion that" a provision in the
20 indemnity agreement between the parties, which required Defendant
21 to turn over "records, documents . . . financial information" and
22 other documents listed, constituted "circumstances that indicate
23 an intentional waiver of the privilege."  Id.

24 **B. Plaintiff's Motion for Sanctions**

25     On February 6, 2012, Plaintiff Travelers filed a motion for
26 sanctions to compel Defendant to "produce all documents responsive

to Travelers' Requests for Production of Documents." Pl's Mot., ECF No. 238. Plaintiff sought sanctions in the amount of $7,091.00. Id. at 2. Plaintiff argued that, although "Dunmore . . . produced federal tax returns for 2003 through 2008; . . . Dunmore failed to produce any of the documents related to those tax returns. In particular, Dunmore failed to produce documents that show whether the IRS refunded any monies to Dunmore." Pl's Memo., ECF No. 239, 1.

At the February 24, 2012 hearing before the magistrate judge on Plaintiff's motion for sanctions, after the parties discussed the scope of Plaintiff's Request for Production of Documents, Magistrate Judge Drozd stated, "I think maybe we've dealt with it in more detail this time than the last time but I'm now interpreting the request as requesting the production of documents that reflect the amount of any refunds in fact received, bank records, or communications with accountants or tax preparers." Tr., ECF No. 248, at 19.

On February 27, 2012, the magistrate judge issued an order denying Plaintiff's motion for sanctions "[f]or the reasons stated on the record." Order, ECF No. 245. The magistrate judge further ordered that "within thirty days, defendant Sidney Dunmore shall produce to plaintiff any bank records or communications with defendant Dunmore's accountant or tax preparer, in his possession or control, reflecting defendant Dunmore's receipt of a federal tax refund for the tax years 2003 through 2008, and the amounts thereof." Id. at 1.

4

**C. Defendant's Request for Reconsideration**

On March 9, 2012, Defendant timely filed a request for reconsideration of the magistrate judge's ruling on Plaintiff's motion for sanctions, which is presently before the court. Def's Req., ECF No. 246. Defendant makes, <u>inter</u> <u>alia</u>, the following arguments: (1) the magistrate judge "direct[ed] a production of documents not set forth in the initial Request for Production of Documents" and, thus, "unilaterally modified the request for production of documents to require production of bank records and accounting records, where no bank or accounting records were requested"; (2) "[b]y unilaterally expanding the content of the initial request for production to include bank account statements and accountant communications, the Court has deprived Dunmore of his right to object as provided in Federal Rule of Civil Procedure Rule 34"; and (3) contrary to the requirements of Federal Rule of Civil Procedure 26, the "tax refund check" sought by Plaintiff "is not a document that is relevant to either Plaintiff Traveler's claims or Dunmore's defenses," is only sought "to verify finances for satisfaction of a judgment which Plaintiff Travelers has not obtained," and, thus, "is actually a premature request under FRCP 69 which provides for discovery in aid of the judgment or execution, by a judgment creditor, which Travelers is not as of this date." <u>Id.</u> at 4-6.

Plaintiff opposes Defendant's request for reconsideration and argues, <u>inter</u> <u>alia</u>, that: (1) the magistrate judge did not "unilaterally modify Travelers' request for production of

documents" because all of the documents ordered to be produced by the magistrate judge's order were "encompassed by Travelers' January 15, 2010 request for production of documents"; (2) Defendant Dunmore "already had an opportunity to object to Travelers' requests" and, in fact, "[t]he objection that Dunmore wants to assert was already asserted in response to Travelers' Request for Production and Travelers' Motion to Compel"; (3) the effect of the magistrate judge's order was, in fact, "to deny monetary sanctions and compel production of a portion of Travelers' previously requested documents"; and (4) even if the magistrate judge unilaterally modified Travelers' request for production of documents to include new documents, that modification "would be well within the Court's authority and discretion" because "a federal court has broad authority to manage the discovery process and to issue 'just orders' to resolve sanctions disputes" under Federal Rule of Civil Procedure 37(b)(2)(A). Pl's Opp'n, ECF No. 247, at 9-15.

**II. STANDARD FOR A MOTION TO RECONSIDER A MAGISTRATE JUDGE'S NONDISPOSITIVE RULING**

Federal Rule of Civil Procedure 72(a) provides that a district judge in must modify or set aside any part of a magistrate judge's order that is "clearly erroneous or contrary to law." Fed.R.Civ.P. 72(a).

The United States District Court, Eastern District of California's Local Rule 303(c) further provides that a party may seek reconsideration by a district judge of a magistrate judge's

6

ruling, and that "[t]he standard that the assigned Judge shall use in all such requests is the 'clearly erroneous or contrary to law' standard."  Local Rule 303(f); see also 28 U.S.C. § 636(b)(1)(A) ("A judge of the court may reconsider any pretrial matter . . . where it has been shown that the magistrate judge's order is clearly erroneous or contrary to law.").

As to discovery matters, magistrate judges are given broad discretion and their decisions on such matters should not be overruled absent a showing of clear abuse of discretion. Swenson v. Siskiyou County, No. 2:08-cv-01675, 2010 WL 2574099, at *1 (E.D.Cal. June 24, 2010) (citing Jones v. Sweeney, 1:04-cv-06214, 2008 WL 3892111, at *1 (E.D.Cal. Aug. 21, 2008)).

### III. ANALYSIS

The court finds no clear error or inappropriate legal determination in Magistrate Judge Drozd's order denying Plaintiff's motion for sanctions and further requiring that "within thirty days, defendant Sidney Dunmore shall produce to plaintiff any bank records or communications with defendant Dunmore's accountant or tax preparer, in his possession or control, reflecting defendant Dunmore's receipt of a federal tax refund for the tax years 2003 through 2008, and the amounts thereof."

At the February 24, 2012 hearing, in which both parties had the opportunity to debate their interpretation of the scope of Plaintiff's January 15, 2010 Request for Production of Documents, Magistrate Judge Drozd reasonably interpreted the Plaintiff's Request for Production of Documents to include Defendants' bank

records or communications with his accountant or tax preparer, reflecting any receipt of a federal tax refund between 2003 and 2008 for Defendant. As such, the court cannot agree with Defendant's argument that the magistrate judge "unilaterally modified the request for production of documents." Defendant had an opportunity to object, and did in fact object, to Plaintiff's request for documents pertaining to his 2003-2008 tax refunds following Plaintiff's January 15, 2010 request, Plaintiff's motion to compel, and Plaintiff's motion for sanctions. Thus, the magistrate judge did not abuse his discretion in ordering Defendant to produce the documents at issue.

Furthermore, the court finds that the Defendant has multiplied unnecessary proceedings by bringing the instant motion. Accordingly, Defendant is sanctioned $8,573.43 for the costs incurred by Plaintiff in defending against Defendant's instant motion for reconsideration.

### IV. CONCLUSION

For the reasons provided above, Defendant's Request for Reconsideration of the Magistrate Judge's ruling on Plaintiff's motion for sanctions is DENIED. See Def's Req., ECF No. 246. The defendant shall comply with the magistrate judge's ruling within twenty-eight (28) days.

Defendant is sanctioned $8,573.43 for the costs incurred by Plaintiff in defending against Defendant's motion for reconsideration. Said sum shall be paid within twenty-eight (28) days.

1  IT IS SO ORDERED.

2  DATED:  August 27, 2012.

_____
LAWRENCE K. KARLTON
SENIOR JUDGE
UNITED STATES DISTRICT COURT

9