1

2

3

4

5

6

7

8                          UNITED STATES DISTRICT COURT

9                          EASTERN DISTRICT OF CALIFORNIA

10

11   TRAVELERS CASUALTY AND                No.  2:07-cv-02493-TLN-DB
     SURETY COMPANY OF AMERICA, a
12   Connecticut corporation,

13                  Plaintiff,             **ORDER**

14          v.

15   SIDNEY B. DUNMORE, an individual;
     SID DUNMORE TRUST DATED
16   FEBRUARY 28, 2003, a California trust;
     SIDNEY B. DUNMORE, Trustee for Sid
17   Dunmore Trust Dated February 28, 2003;
     DHI DEVELOPMENT, a California
18   corporation; WILLIAM H. NIEMI, an
     individual; WILLIAM & BETH NIEMI,
19   1985 REVOCABLE FAMILY TRUST, a
     California trust,
20
                    Defendants.
21

22

23          This matter is before the Court pursuant to the parties' motions in limine.  Plaintiff

24   Travelers Casualty and Surety Company of America ("Plaintiff") has filed twelve motions in

25   limine with the Court.  (*See* Mots. in Limine, ECF Nos. 341–352.)  Defendants Sidney B.

26   Dunmore, Sidney B. Dunmore (Trustee for Sid Dunmore Trust dated February 28, 2003), Sid

27   Dunmore Trust, Sidney B. Dunmore Trustee for Sid Dunmore Trust dated February 28, 2003,

28   Sidney B. Dunmore, an individual, Sid Dunmore Trust Dated February 28, 2003, a California

                                             1

1   Trust, and Sidney B. Dunmore, Trustee for Sid Dunmore Trust Dated February 28, 2003

2   (collectively referred to as "Defendants") have filed two motions in limine.  (*See* Mots. In

3   Limine, ECF No. 354.)

4         **I.**      **FACTUAL BACKGROUND**[1]

5          On or about December 15, 2005, Plaintiff and Defendants, entered into a General

6   Agreement of Indemnity ("Indemnity Agreement"), as partial consideration for Plaintiff issuing

7   bonds on behalf of Dunmore Homes and its SPE affiliates and subsidiaries.  Pursuant to the

8   various contracts and in accordance with the Indemnity Agreement, Plaintiff and Dunmore

9   Homes executed certain surety bonds ("the Bonds").   Plaintiff issued 103 construction related

10  surety bonds for subdivision projects with Dunmore Homes SPEs as developers.  Dunmore

11  Homes subsequently defaulted on certain performance and payment obligations under various

12  contracts and the Bonds, and, as a result, certain obligees (i.e., the persons or entities to whom

13  Dunmore Homes and Plaintiff owe a duty) and claimants made claims against the Bonds.  On

14  October 30, 2007, Plaintiff sent a written demand to Defendants for defense, indemnity,

15  collateral, and books and records, pursuant to Plaintiff's rights and Defendants' obligations under

16  the Indemnity Agreement.  Pursuant to the "Indemnification and Hold Harmless" provisions of

17  the Indemnity Agreement, Plaintiff requested that Defendants exonerate, indemnify and save

18  Plaintiff from and against all Loss (as defined in the Indemnity Agreement).  In addition, Plaintiff

19  requested that Defendants deposit with Plaintiff an amount as determined by Plaintiff sufficient to

20  discharge Loss or anticipated Loss, pursuant to the "Collateral Security" provisions of the

21  Indemnity Agreement.   Defendants did not acquiesce to Plaintiff's request, and Plaintiff filed the

22  instant suit against Defendants in 2007.

23         On January 6, 2014, Plaintiff moved this Court for summary judgment as to its First

24  Cause of Action for Breach of Contract and its Second Cause of Action for Specific Performance.

25  (ECF No. 268.)  Plaintiff also moved for summary judgment as to Defendants' counterclaim for

26  breach of implied covenant of good faith and fair dealing.  (ECF No. 268.)  In addition, Plaintiff

27

28  _____
[1]      The Factual Background is comprised of the facts that this Court found to be undisputed in its Order granting in part and denying in part Plaintiff's Motion for Summary Judgment.  (*See* Order, ECF No. 313.)

1  requested that the Court issue an order compelling repatriation of tax refund proceeds that are

2  allegedly held outside the country.  (ECF No. 268.)

3       On December 4, 2014, this Court granted Plaintiff's motion for summary judgment on

4  Plaintiff's First Cause of Action for Breach of Contract and Defendant's counterclaim for breach

5  of implied covenant of good faith and fair dealing.  (ECF No. 313.)  However, the Court denied

6  Plaintiff's motion for specific performance and repatriation finding that material issues of fact

7  existed as to the losses owed to Plaintiff.  Thus, liability has already been determined in this case,

8  and the only matter still at issue is the amount of loss in this case.

9       **II.    PLAINTIFF'S MOTIONS**

10      Plaintiff has filed twelve motions in limine, and Defendants have filed two motions in

11 limine.  Because some of the parties' motions address the same matters, the Court addresses those

12 motions together.

13      A.    Plaintiff's First Motion in Limine (ECF No. 341)

14      Plaintiff moves this Court to apply a provision within the Indemnity Agreement which is

15 commonly referred to as a prima facie evidence clause.  (ECF No. 341 at 4.)  The provision states

16          3. Indemnification and Hold Harmless: Indemnitors shall exonerate,
            indemnify and save Company harmless from and against all Loss.
17          **An itemized, sworn statement by an employee of Company, or
            other evidence of payment, shall be prima facie evidence of the
18          propriety, amount and existence of indemnitors' liability.**
            Amounts due to Company shall be payable upon demand.
19

20 (ECF No. 269-1, Ex. 1, December 15, 2005 General Agreement of Indemnity, at p. 2, ¶ 3

21 (emphasis added).)   Plaintiff requests that this Court allow admission of prima facie evidence per

22 the Indemnity Agreement at trial.  (ECF No. 341 at 6.)  In Defendants' Opposition, Defendants do

23 not object to this Court upholding the clause.  (*See* ECF No. 357 at 2 ("The only procedural

24 change a prima facie evidence clause creates at trial is that plaintiff is entitled to submit minimal

25 evidence, and then the burden shifts to defendants to disprove its accuracy.  Defendants agree!").)

26 Instead, Defendants are arguing that Plaintiff is required to adhere to the Federal Rules of

27 Evidence and must provide any necessary authentication.

28      Surety indemnity agreements like the one before this Court have been repeatedly upheld

3

1   and enforced in California and elsewhere as giving rise to a presumption of the reasonableness of

2   the loss and expense incurred by the surety in resolving claims, and consequently the surety's

3   good faith in doing so.  *See, e.g.*, *Travelers Cas. & Sur. Co. of Am. v. Highland P'ship, Inc.*, No.

4   10CV2503 AJB DHB, 2012 WL 5928139, at *9 (S.D. Cal. Nov. 26, 2012); *Gen. Ins. Co. of Am.*

5   *v. Singleton*, 40 Cal. App. 3d 439, 444 (1974); *Fallon Elec. Co., Inc. v. The Cincinnati Ins. Co.*,

6   121 F.3d 125, 128 (3d Cir. 1997) (holding that indemnity agreement provisions shift the burden

7   to indemnitors to prove bad faith).  Any alleged bad faith on behalf of a surety is a defense to

8   liability that must be pleaded and proved by the defendants as opposed to constituting an element

9   of a surety's case for breach of contract.  *See Highland P'ship, Inc.*, No. 2012 WL 5928139, at

10  *9; *see also Admin. Mgmt. Servs. Inc. v. Fidelity and Deposit Co. of Md.*, 129 Cal. App. 3d 484,

11  (1982)  (finding that a surety's breach of an implied covenant of good faith and fair dealing is an

12  affirmative defense that must be pleaded and proved by defendants).  The Court intends to uphold

13  this provision, so that Plaintiff may present an itemized, sworn statement by an employee of the

14  Company, or other evidence of payment as prima facie evidence of the propriety, amount, and

15  existence of Indemnitors' liability.  Such evidence must still be admissible under the Federal

16  Rules of Evidence, and Defendants shall have the opportunity to object to or present evidence to

17  rebut the presumption.[2]  As such, Plaintiff's First Motion in Limine (ECF No. 341) is

18  GRANTED.

19          B.      Plaintiff's Second Motion in Limine (ECF No. 342)

20          Plaintiff moves the Court to exclude any evidence proffered by Defendants to challenge

21  the reasonableness of payments made by Plaintiff pursuant to the Indemnity Agreement.  In

22  support, Plaintiff cites to this Court's Summary Judgment Order, which upheld the clause within

23  the Indemnity Agreement that stated

24                      4. Claim Settlement: Company shall have the right in its sole
                        discretion, to determine for itself and its indemnitors whether any
25                      claim, demand or suit brought against Company or any Indemnitor
                        in connection with or relating to and Bond shall be paid,
26                      compromised, settled, tried, defended or appealed, and its
                        determination shall be final, binding and conclusive upon the
27
_____

[2]       To the extent that Defendants' opposition argues that certain evidence should be excluded because it was not
28  produced during discovery, the Court addresses this argument in a later section of this Order.  *See infra* Section II(C).

4

1
2

> Indemnitors.   Company   shall   be   entitled   to   immediate
> reimbursement for any and all Loss incurred under the belief it was
> necessary or expedient to make such payments.

3

4

(Order, ECF No. 313 at 7 (quoting Ex. 1, Dec. 15, 2005 General Agreement of Indemnity, ECF

5

No. 269-1 at 2).)  The Court upheld the clause noting that the parties were both sophisticated

6

businesses and declining to rewrite the parties' contract.  (ECF No. 313 at 10.)  The Court

7

concluded that "Defendants' arguments concerning the reasonableness of the payments that

8

Plaintiff made on Defendants' behalf are irrelevant since the agreement gives sole discretion to

9

Plaintiff to determine for itself and its indemnitors how to proceed as to bond claims."  (ECF No.

10

313 at 11.)  Defendants oppose Plaintiff's motion, but do not actually address the motion.

11

Instead, much of the argument is copied from Defendants' Opposition to Plaintiff's First Motion

12

in Limine.  (*Compare* ECF No. 357, *with* ECF No. 358.)

13

The Court agrees with Plaintiff that the matter of reasonableness has already been litigated

14

in this Court and will not be revisited during the trial.  Should Defendants present evidence that

15

challenges whether Plaintiff in fact made certain payments on Defendants' behalf or whether

16

Plaintiff erred in its book keeping, the Court will welcome such arguments.  But, Defendants are

17

precluded from contesting Plaintiff's alleged losses by challenging the reasonableness of the

18

payments made by Plaintiff on Defendants' behalf.  As such, Plaintiff's Second Motion in Limine

19

(ECF No. 342) is GRANTED.

20

      C.     Plaintiff's Third Motion in Limine (ECF No. 343) and Defendants' First Motion in
              Limine (ECF No. 354)

21

Plaintiff's Third Motion in Limine details information concerning a proffered witness, Mr.

22

Doug Thiemens, who is employed by Plaintiff as a Senior Accounting Executive.  Plaintiff states

23

that Mr. Thiemens regularly verifies the accuracy of entries inputed into their Bond Claim

24

Management System ("BCMS system") on files on which he works by communicating with

25

employees entering data into the BCMS system, examining data entered into the BCMS system

26

for discrepancies, cross-checking information with other records and files maintained by Plaintiff,

27

and calculating damages and recoveries using the BCMS system.  (Thiemens Decl., ECF No.

28

343-1 at ¶ 5.)  Thus, Plaintiff essentially asks this Court to determine that Douglas Thiemens is personally knowledgeable pursuant to Federal Rule of Evidence 602.  (ECF No. 343 at 6.) Defendants oppose Plaintiff's request while arguing that Plaintiff failed to identify Douglas Thiemens in its Federal Rule of Civil Procedure Rule 26 disclosures.  (ECF No. 359 at 2.)

Additionally, Defendants filed their First Motion in Limine which moves to exclude the testimony of Doug Thiemens, as well as the testimony of: Steven W. Pand, Senior Claim Counsel for Plaintiff; Chad Schexnayder, Counsel for Plaintiff; and Edward M. Connelly, Plaintiff's previous employee.  (ECF No. 354 at 2.)  Defendants argue that these witnesses were not disclosed as a percipient expert witness or expert witness.

Plaintiff has filed an opposition, asserting that all of the aforementioned witnesses were properly disclosed to Defendants.  Moreover, Plaintiff alleges that Defendants erroneously references Plaintiff's Initial Disclosure and not the Supplemental Initial Disclosure. (ECF No. 356.)

At the outset, the Court notes that all of the aforementioned witnesses were disclosed as potential witnesses to this Court and listed as prospective witnesses in this Court's Amended Pretrial Order.  (*See* Am. Pretrial Order, ECF No. 340 at 7.)   At the time Travelers made its Supplemental Initial Disclosures, Steven Pand, Douglas Thiemens, Chad Schexnayder and Edward M. Connelly were persons "employed, retained, or contracted with Travelers." (Flanagan Decl., ECF No. 356-3 at ¶ 11.)  Steven Pand is employed by Plaintiff as a Technical Director and Counsel.  (ECF No. 356-3 at ¶ 8.)  Douglas Thiemens is employed by Plaintiff as a Senior Accounting Executive.  (ECF No. 356-3 at ¶ 9.)   Chad Schexnayder is an attorney with the law firm Jennings, Haug and Cunningham, who was retained by Plaintiff as bankruptcy counsel in the case titled *In Re: Dunmore Homes, Inc.*, United States Bankruptcy Court, Eastern District of California, Case No. 08- 20569-B-ll, and the related bankruptcy and adversary proceedings. (ECF No. 356-3 at ¶ 10.)  David Connelly was previously employed by Plaintiff as a Senior Bond Claim Executive.  (ECF No. 356-3 at ¶ 7.)

The Court has already ruled on this matter as it pertains to Mr. Connelly.  In the Court's Summary Judgment Order, the Court found that Plaintiff's Supplemental Disclosure sufficed to

6

disclose to Defendants that Plaintiff reserved the right to call its own employees to testify on matters that they were knowledgeable on and that Connelly's testimony was thus admissible:

> In response to Plaintiff's statement of undisputed facts, Defendants filed objections to Plaintiff's evidence in support of its summary judgment motion.  (*See* Def.'s Objections, ECF No. 303.)  Among other things, Defendants move this Court to strike the entire Declaration of Edward M. Connelly on the basis that he was never disclosed as a witness, percipient expert witness or expert witness. In response, Plaintiff avers that Mr. Connelly is listed in Travelers' initial disclosures under "personnel employed by Travelers Casualty and Surety Company of America." (*See* Pl.'s response to Defs.' Objections, ECF No. 307-2.)  Plaintiff's Supplemental Disclosure which was served on September 1, 2011 states potential witnesses as follows: "Persons employed, retained, or contracted with Travelers Casualty and Surety Company of America, including, but not limited to: Sam Barker [and] James Vicari." (Exhibit 26, ECF No. 307-1 at 7.)  Plaintiff contends that Mr. Connelly falls within this statement.  Moreover, Plaintiff contends that Mr. Connelly's declarations are declarations of a Travelers employee concerning Travelers' actions and agreements as related to the instant action, and further explains that Mr. Connelly provided a declaration because Mr. Barker (who was specifically disclosed as a witness and worked on the "Dunmore" file for Travelers) is no longer employed by Travelers.  (ECF No. 307 at 3.)
>
> The Court agrees with Plaintiff and further finds that since Defendants were provided with Mr. Connelly's declaration on January 6, 2014, Defendants had plenty of time to depose Mr. Connelly before the scheduled May 22, 2014 hearing date on Plaintiff's motion for summary judgment.  Thus, the Court finds that Defendants are not prejudiced by this Court's consideration of Mr. Connelly's declaration and hereby DENIES Defendants' motion to strike his declaration (ECF No. 303).

(ECF No. 313 at 2, fn1.)  Thus, the Court has already determined that Mr. Connelly's testimony is admissible and that Defendants have had ample time to depose him, but they chose not to do so. The Court finds that this same rationale applies to Steven Pand, Douglas Thiemens, and Chad Schexnayder.  Plaintiff's Supplemental Disclosure stated that it:

> reserves the right to identify additional individuals and/or re-categorize individuals when it is determined they have discoverable information relevant to the issues in this action.  When personnel are listed from companies, governmental entities, and/or other entities, Travelers is also disclosing and reserves the right to call as a witness, depose, etc. any person most knowledgeable from any entity or company.  For every person or entity listed below, Travelers refers to all persons and/or entities currently or formerly, employed by, contracting  with, affiliated with, working with, or counsel for each of the below named persons and/or entities.

1  (Supp. Initial Discl., ECF No. 356-2 at 15.)  This litigation has lasted over nine years, during

2  which time employees have resigned and been replaced by new hires.  (*See* Flanagan Decl., ECF

3  No. 356-3 at ¶ 7 (stating that two of the witnesses disclosed by Plaintiff, Sam Barker and Edward

4  Connelly, are no longer employed by Plaintiff).)  It is unreasonable for Defendants to believe that

5  they can exclude the testimony of employees based on the fact that their predecessor was the one

6  originally named in the Initial Disclosure.  Furthermore, since the beginning of this action,

7  Defendants have had the ability to depose Plaintiff's employees, including but not limited to Sam

8  Barker, Edward Connelly, and Plaintiff's person(s) most knowledgeable.  Defendants have failed

9  to depose any of Plaintiff's employees in this case.  Therefore, even if there was merit to

10  Defendants' contention that Plaintiff insufficiently disclosed witnesses, Defendants cannot show

11  that they were prejudiced.  Throughout this litigation, Plaintiff has "made known to the other

12  parties during the discovery process or in writing" that its employees and representatives would

13  provide evidence.  Therefore, pursuant to Federal Rule of Civil Procedure 26(e), Travelers was

14  not required to supplement its discovery responses.

15       Additionally, the Court finds Defendants' assertions concerning whether Plaintiff's

16  witnesses were designated as experts to be unavailing.  Plaintiff's designated percipient witnesses

17  may testify as to their personal knowledge.  *See* Fed. R. Evid. 602 ("A percipient witness may

18  testify without being designated as an expert."); *see also Matsuura v. E.I. du Pont De Nemours &*

19  *Co.*, No. CIV. 00-00328SOMLEK, 2007 WL 433115, at *3 (D. Haw. Feb. 2, 2007) ("While a

20  percipient expert witness, such as a treating physician, may testify about observations based on

21  personal knowledge, *see, e.g., Elgas v. Colorado Belle Corp.*, 179 F.R.D. 296, 299 (D. Nev.

22  1998), opinion testimony based on information acquired outside of the witness' knowledge

23  triggers the requirements of Rule 26(a)(2)(B); namely, the written expert report, list of

24  qualifications, and other information.").  Finally, as to Plaintiff's request that Thiemens be

25  designated as having personal knowledge of the BCMS system, pursuant to Federal Rule of

26  Evidence 602, the declaration provided by Plaintiff supports that Thiemens does have personal

27  knowledge of the BCMS system.  He, like all other witnesses, will thus have the opportunity to

28  testify as to his own knowledge at the trial, and Defendants will have the opportunity to object if

8

1   appropriate.

2       For the foregoing reasons, Plaintiff's Third Motion in Limine is GRANTED, and

3   Defendants' First Motion in Limine is DENIED.

4       D.      Plaintiff's Fourth Motion in Limine (ECF No. 344)

5       Plaintiff moves the Court to allow Plaintiff to collect attorneys' fees and costs based on a

6   prima facie showing and to employ the Claim Settlement Clause that this Court discussed in

7   deciding Plaintiff's Second Motion in Limine towards Plaintiff's attorneys' fees, costs and

8   expenses.  Under the Indemnity Agreement, "Loss" is defined as

9           All loss and expense of any kind or nature, including attorneys' and
            other professional fees, which Company incurs in connection with
10          any Bond or this Agreement, including but not limited to all loss
            and expense incurred by reason of Company's:
11
            (a) making any investigation in connection with any Bond;
12
            (b) prosecuting or defending any action in connection with any
13          Bond;

14          (c) obtaining the release of any Bond;

15          (d) recovering or attempting to recover Property in connection with
            any Bond or this Agreement;
16
            (e) enforcing by litigation or otherwise any of the provisions of this
17          agreement; and

18          (f) all interest accruing thereon at the maximum legal rate.

19   (ECF No. 269-1, Ex. 1, December 15, 2005 General Agreement of Indemnity, at p. 2, ¶ 1, Loss.)

20   Plaintiff asserts that under this definition, any attorneys' fees and costs are a loss and falls within

21   the Indemnification and Hold Harmless Clause discussed in Plaintiff's First Motion in Limine.

22   As discussed above, the clause states as follows:

23          3. Indemnification and Hold Harmless: Indemnitors shall exonerate,
            indemnify and save Company harmless from and against all Loss.
24          **An itemized, sworn statement by an employee of Company, or
            other evidence of payment, shall be prima facie evidence of the
25          propriety, amount and existence of indemnitors' liability**.
            Amounts due to Company shall be payable upon demand.
26
27   (ECF No. 269-1, Ex. 1, December 15, 2005 General Agreement of Indemnity, at p. 2,

28   ¶ 3 (emphasis added).)  Plaintiff asserts that this clause means Plaintiff only needs to make a

9

1   prima facie showing of Loss, including attorneys' fees and costs to recover attorneys' fees and

2   costs.  Defendants opposed this motion, but again do not actually address the motion.  (ECF No.

3   360.)  Defendants basically provided a copy of their previous oppositions. (*Compare* ECF No.

4   357, *with* ECF No. 358 and 360.)

5          The Court agrees with Plaintiff.  As discussed in reference to Plaintiff's First Motion in

6   Limine, the Court intends to uphold this provision.  Thus, Plaintiff may present an itemized,

7   sworn statement by an employee of the Company, or other evidence of payment as prima facie

8   evidence of the losses it incurred litigating this matter.  Such evidence must still be admissible

9   under the Federal Rules of Evidence, and Defendants shall have the opportunity to object to or

10  present evidence to rebut the presumption.

11         Plaintiff also seeks to prevent Defendants from challenging the reasonableness of

12  Plaintiff's requested reimbursement for attorneys' fees, costs, and expenses.  (ECF No. 344 at 5–

13  6.)  Specifically, Plaintiff asks that the Court apply the Claim Settlement provision to its

14  attorneys' fees request since it is a loss under the Indemnity Agreement.  (ECF No. 344 at 5–6.)

15  The clause at issue, as discussed above in deciding Plaintiff's Second Motion in Limine states as

16  follows:

17                  4. <u>Claim Settlement</u>: Company shall have **the right in its sole**
                    **discretion**, to determine for itself and its indemnitors whether any
18                  claim, demand or suit brought against Company or any Indemnitor
                    in connection with or relating to and Bond shall be paid,
19                  compromised, settled, tried, defended or appealed, and **its**
                    **determination shall be final, binding and conclusive upon the**
20                  **Indemnitors.  Company shall be entitled to immediate**
                    **reimbursement for any and all Loss incurred under the belief it**
21                  **was necessary or expedient to make such payments.**

22

23  (Order, ECF No. 313 at 7 (quoting Ex. 1, Dec. 15, 2005 General Agreement of Indemnity, ECF

24  No. 269-1 at 2) (emphasis added).)   Based on this provision, Plaintiff argues that the payment of

25  Loss, including attorneys' fees, is at Plaintiff's sole discretion.  (ECF No. 344 at 6.)

26         This Court agrees with Plaintiff's interpretation.  Although in this Court's opinion, the

27  provision defining loss is overly broad, that is what the parties contracted for in this instance.  All

28  parties to the Indemnity Agreement are sophisticated business people, and the Court will not

1    rewrite the parties' contract after the fact to facilitate a different result.  *See Certain Underwriters*

2    *at Lloyd's of London v. Super. Ct.*, 24 Cal. 4th 945, 968 (2001) ("[W]e do not rewrite any

3    provision of any contract, including the standard policy underlying any individual policy, for any

4    purpose."); *Aerojet-Gen. Corp. v. Transp. Indem. Co.*, 17 Cal. 4th 38, 75 (1997), *as modified on*

5    *denial of reh'g* (Mar. 11, 1998) ("We may not rewrite what they themselves [the parties] wrote.").

6    Defendants' proffered reasonableness standard conflicts with the parties' explicit agreement.  *See*

7    *Highland P'ship, Inc.*, 2012 WL 5928139, at *7 (interpreting the same contract provision and

8    refusing to import the defendant's reasonableness standard.)  Defendants have not provided this

9    Court with a valid legal argument for finding this clause unenforceable.  As such, Plaintiff's

10   Fourth Motion in Limine is hereby GRANTED.

11          E.      Plaintiff's Fifth Motion in Limine (ECF No. 345)

12          Plaintiff moves the Court to preclude Defendants from attacking or in any way re-

13   litigating issues regarding (1) Travelers' rights and priorities to a certain tax refund, (2) the

14   distribution of that tax refund to Travelers, and (3) any rights that Defendant Sidney B. Dunmore

15   ("Sid Dunmore") had to the tax refund, as those issues of fact and law were necessarily decided in

16   the Bankruptcy Case and the Adversary Proceeding.  (ECF No. 345 at 2.)  These issues of fact

17   and law were litigated and decided by the Bankruptcy Court in the cases titled: *In Re: Dunmore*

18   *Homes, Inc.*, United States Bankruptcy Court, Eastern District of California, Case No. 08-20569-

19   B-ll ("the Bankruptcy Case"); and *Travelers Casualty and Surety Company of America v. Sidney*

20   *B. Dunmore, et al.*, United States Bankruptcy Court, Eastern District of California, Adversary

21   Proceeding No. 09-02030 ("the Adversary Proceeding").

22          Defendants have filed a statement of non-opposition (ECF No. 361), and the Court agrees

23   that re-litigation of the aforementioned issues would be inappropriate.  Therefore, Plaintiff's Fifth

24   Motion in Limine (ECF No. 345) is GRANTED.

25          F.      Plaintiff's Sixth Motion in Limine (ECF No. 346) and Defendants' Second Motion

26                  in Limine (ECF No. 354)

27          Plaintiff moves to admit a March 16, 2016, BCMS printout showing Plaintiff's losses,

28   costs, expenses, attorneys' fees, payments and recoveries made by Plaintiff related to account

                                                    11

1    5917624, the account number for Dunmore Homes as a business record under Federal Rule of

2    Evidence 803(6) and (7).  (ECF No. 346 at 9.)  Defendants oppose Plaintiff's motion arguing that

3    Plaintiff has not disclosed certain information to Defendants and thus Plaintiff "forfeited any

4    contractual right to use prima facie evidence at trial due to a failure to comply with F.R.E. Rule

5    1006, Fed. R. Civ. P. Rules 26(a)(1)(E), 26(e), and 37(c)(1)."  (ECF No. 362 at 3.)

6         In addition, this issue is the subject of Defendants' Second Motion in Limine (ECF No.

7    354), in which Defendants move to exclude the BCMS printout offered by Plaintiff as evidence of

8    its suffered Losses (ECF No. 335-1 at 27) and any other "summary, chart, or calculation" offered

9    to prove the aggregate amount of money paid on each claim on the basis that Plaintiff was

10   required to "…. make the originals or duplicates available for examination or copying, or both, by

11   other parties at a reasonable time and place" prior to the introduction of such evidence and failed

12   to do so.  (ECF No. 354 at 3 (quoting Fed. R. Evid. 1006).)

13        Plaintiff opposes Defendants' motion asserting that the information making up the exhibit

14   (the BCMS Report) was produced to Defendants multiple times and is not subject to Federal Rule

15   of Evidence 1006, as it is a business record.  (ECF No. 356-1.)  Plaintiff provides numerous

16   places on the docket where they have supplied itemized payments it made on Defendants behalf.

17   (*E.g.*  Ex. A to Pl's Supp. Discl, ECF No. 356-2 at 40–45; List of Construct. Bonds, Ex. 3, ECF

18   No. 269-1 at 28; Listing of Claims Shown in Litigation, Ex. 4, ECF No. 269-1 at 33; Pymt.

19   History for Dunmore, Ex. 6, ECF No. 269-1 at 40; Listing of losses incurred by Travelers on

20   Bond claims, Ex. 7, ECF No. 269-1 at 47; Listing of payments made by Travelers to legal

21   representatives, ECF No. 269-1 at 52; Travelers Incurred Empl. Travel Costs, ECF No. 269-1 at

22   57; Brown Decl., ECF No. 269-1 at 60.)  Additionally, Plaintiff has provided a sworn statement

23   that such information was provided to Defendants.  (*See* Curran, Decl., ECF No. 356-2 at ¶¶ 14–

24   16.),

25        It is clear that many documents detailing payments made by Plaintiff on Defendants'

26   behalf are available on the docket pursuant to the parties' motions throughout this litigation.

27   Defendants seem to be trying to exclude evidence not based on a lack of information as to the

28   losses and where they originated from, but on the basis that they do not have a copy of the

original subcontractor invoices that were tendered to Plaintiff after Defendants failed to pay them. The Court finds it curious that Defendants would not have these bills since they were most likely first sent to them prior to Plaintiff.  The Court is further perplexed as to why Defendants never attempted to compel Plaintiff to produce their required documentation.  In fact, the docket shows that Plaintiff has filed numerous motions to compel throughout this litigation, but Defendants have not filed one.  (*See* ECF Nos. 169 & 282.)  This case has been litigated for the past nine years.  If Plaintiff did not disclose the requisite documents during discovery, this issue should have been dealt with long before the parties reached this stage in the litigation.  Defendants' claims seem disingenuous, and the Court does not look kindly upon this type of blatant gamesmanship this late in the litigation.  Thus, the Court denies Defendants' motion on this basis and turns to whether the BCMS printouts are admissible under the Federal Rules of Evidence.

Rule 803(6) provides a hearsay exception for:

> A record of an act, event, condition, opinion, or diagnosis if:
>
> (A) the record was made at or near the time by — or from information transmitted by — someone with knowledge;
>
> (B) the record was kept in the course of a regularly conducted activity of a business, organization, occupation, or calling, whether or not for profit;
>
> (C) making the record was a regular practice of that activity;
>
> (D) all these conditions are shown by the testimony of the custodian or another qualified witness, or by a certification that complies with Rule 902(11) or (12) or with a statute permitting certification; and
>
> (E) the opponent does not show that the source of information or the method or circumstances of preparation indicate a lack of trustworthiness.

The Ninth Circuit has clearly found that computer records fit the business records hearsay exception.  *U-Haul Int'l, Inc. v. Lumbermans Mut. Cas. Co.*, 576 F.3d 1040, 1043 (9th Cir. 2009) ("We have made clear that "[f]or the purposes of Rule 803(6), 'it is immaterial that the business record is maintained in a computer rather than in company books.'"); *see also Sea-Land Serv., Inc. v. Lozen Int'l, LLC*, 285 F.3d 808, 819 (9th Cir. 2002) (holding the same). "[E]vidence that has been compiled from a computer database is also admissible as a business record, provided it

1  meets the criteria of Rule 803(6)."  *U-Haul Int'l*, 576 F.3d at 1043–44; *accord United States v.*

2  *Fujii*, 301 F.3d 535, 539 (7th Cir.2002) (holding that computer data compiled in the ordinary

3  course of business and presented in computer printouts prepared for trial is admissible under Rule

4  803(6)); *Potamkin Cadillac Corp. v. B.R.I. Coverage Corp.*, 38 F.3d 627, 632 (2d Cir. 1994) ("A

5  business record may include data stored electronically on computers and later printed out for

6  presentation in court, so long as the original computer data compilation was prepared pursuant to

7  a business duty in accordance with regular business practice").  Moreover, the Ninth Circuit has

8  held that "exhibits summarizing loss adjustment expense payments for each claim fit squarely

9  within the business records exception of Rule 803(6)," and do not implicate Federal Rule of

10  Evidence 1006 because "the summaries themselves constituted the business records."  *U-Haul*

11  *Int'l*, 576 F.3d at 1043–46.

12      Here, Plaintiff has presented the sworn declaration of the records custodian, Douglas

13  Thiemens, which states that: (1) the BCMS record was made at or near the time by — or from

14  information transmitted by — someone with knowledge (Thiemens Decl., ECF No. 346-1 at ¶¶

15  6–11); (2) The BCMS record was kept in the course of a regularly conducted activity of a

16  business, organization, occupation, or calling, whether or not for profit (ECF No. 346-1 at ¶¶ 6–

17  12); and (3) Making the BCMS record was a regular practice of that activity.  (ECF No. 346-1 at

18  ¶¶ 6–12).  The Court finds that Plaintiff has met the requirements set forth in Rule 803(6), and

19  thus Plaintiff's BCMS record is admissible as a business record.  As such, Plaintiff's Sixth

20  Motion in Limine is GRANTED.  Plaintiff may admit BCMS records as prime facie evidence of

21  losses suffered by Plaintiff.  Defendants shall have the opportunity to rebut the truthfulness of

22  Plaintiff's records at trial.

23      G.      Plaintiff's Seventh Motion in Limine (ECF No. 347)

24      Plaintiff's Seventh Motion in Limine requests that the Court exclude all non-party

25  witnesses from the courtroom prior to testifying in this matter.  (ECF No. 347.)  Defendants have

26  filed a statement of non-opposition to Plaintiff's motion.  (ECF No. 363.)

27      Federal Rule of Evidence 615 empowers the Court, at the request of a party, to exclude

28  any non-party witness from the courtroom prior to testifying "so that such witness cannot hear the

1    testimony of other witnesses."  The trial court has broad discretion under Rule 615 to exclude

2    witnesses from trial proceedings.  *Geders v. United States*, 425 U.S. 80, 87 (1976).  Rule 615

3    serves two purposes: it "exercises a restraint on witnesses 'tailoring' their testimony to that of

4    earlier witnesses; and it aids in detecting testimony that is less than candid."  *Id*.; *accord, United*

5    *States v. Ell*, 718 F.2d 291, 293 (9th Cir. 1983).  Thus, Rule 615 is designed to "prevent improper

6    attempts to influence the testimony in light of the testimony already given."  *Geders*, 425 U.S. at

7    87.  The Court agrees that excluding all non-party witnesses from the courtroom prior to

8    testifying in this matter is appropriate and thus GRANTS Plaintiff's Seventh Motion in Limine.

9            H.      Plaintiff's Eighth Motion in Limine (ECF No. 348)

10           Plaintiff moves this Court to exclude Defendants' designated expert Meredith P. Harvan,

11   P.E. because the subject of the Harvan Report is limited to his opinions regarding (1) Plaintiff's

12   alleged overpayment of claims under the surety bonds, (2) Plaintiff's investigation of claims, and

13   (3) Plaintiff's good faith in fair dealing with respect to payment of those claims.  (ECF No. 348.)

14   Plaintiff asserts that such testimony is inappropriate because this Court has already determined

15   that Defendants' argument that Travelers failed to "reasonably" inquire into the claims before

16   paying them was unavailing and irrelevant.  (ECF No. 348 at 3.)  Furthermore, Plaintiff questions

17   Harvan's qualifications for providing an expert opinion.  (ECF No. 348 at 6–7.)  Lastly, Plaintiff

18   asserts that Harvan's "proposed opinion and expert testimony is nothing more than an attempt to

19   put legal conclusions before the court in the guise of expert testimony."  (ECF No. 348 at 8.)

20           In opposition, Defendants only argue that Harvan is a disclosed expert, has had his

21   deposition taken, and has provided a detailed analysis of the case and damages.  (ECF No. 364 at

22   2.)  Instead of focusing on whether Harvan's opinions are relevant to more than the

23   reasonableness of Plaintiff's surety payments or Harvan's qualifications as an expert, Defendants

24   assert that Plaintiff

25                   to date, has never produced the underlying data relied upon, though
                     requested in discovery, such as attorney itemized billing statements;
26                   and proofs of payment such as checks and bank statements.  No
                     responsive documents have been produced to date. See Gorski
27                   Decl.  ¶s 2-4, Exhibits "A" through "C" filed in support of
                     Defendants' Motions In Limine. To the extent that Travelers makes
28                   that data available, defendants will need their expert.

1

2

(ECF No. 364 at 2.)

3

Defendants have not provided this Court with any factual or legal basis to support their

4

assertion that Harvan's testimony is admissible.  Instead, they rely on broad statements about

5

Plaintiff not providing documents in discovery.  The Court has already addressed Defendants'

6

overly broad allegations that Plaintiff failed to provide the requisite discovery.  (*See supra*

7

Section II(C).)  In fact, this Court finds it highly unbelievable that Defendants would have

8

allowed Plaintiff to not produce any detailed information concerning the payments that Plaintiff

9

made on Defendants' behalf.

10

Based on the limited information before the Court as to Harvan's testimony and

11

qualifications, the Court hereby orders that Harvan shall not be allowed to testify to the

12

reasonableness of the payments that Plaintiff made on Defendants' behalf, as this Court has

13

already ruled that these arguments are irrelevant.[3]  However, as referenced earlier in this Order,

14

Defendants are not precluded from challenging Plaintiff's proffered loss amount should they

15

believe that Plaintiff's figures do not represent the amount that Plaintiff paid on their behalf.

16

Thus, should Defendants chose to present testimony by Harvan to rebut Plaintiff's prime facie

17

evidence as to the loss it suffered, the Court will make the appropriate determination at that time

18

as to whether Harvan is qualified as an expert and has the requisite factual basis to support such

19

testimony.

20

I.      Plaintiff's Ninth Motion in Limine (ECF No. 349)

21

Plaintiff moves this Court to exclude evidence that contradicts previous orders of the

22

Court.  (ECF No. 349.)  Specifically, Plaintiff mentions factual determinations in this Court's

23

Order on Travelers Motion for Summary Judgment (ECF No. 313) and in the Amended Final

24

Pretrial Order (ECF No. 340).  Defendants have filed a non-opposition to Plaintiff's motion.

25

26

[3]      *See* Am. Final Pretrial Order, ECF No. 340 at 4 ("Defendants' arguments concerning the reasonableness of
the payments that Travelers made on Defendants' behalf are irrelevant since the Indemnity Agreement gives sole
discretion to Travelers to determine for itself and its indemnitors how to proceed to bond claims."); Summ. J. Order,

27

ECF No. 313 at 11 ("Defendants' arguments concerning the reasonableness of the payments that Plaintiff made on
Defendants' behalf are irrelevant since the agreement gives sole discretion to Plaintiff to determine for itself and its

28

indemnitors how to proceed as to bond claims.").

1   (ECF No. 365.)  Plaintiff's Ninth Motion in Limine (ECF No. 349) is hereby GRANTED.

2          J.        Plaintiff's Tenth Motion in Limine (ECF No. 350)

3          This Court has already granted Plaintiff's request to uphold the prima facie evidence

4   clause within the Indemnity Agreement.  (*See supra* Section II(A)).  The prima facie evidence

5   clause states the requirement for evidence of Defendants' liability.  One of the components of

6   Defendants' liability is Loss which is reduced by the amounts of Plaintiff's recoveries.  "After

7   deducting all recoveries from the actual amounts paid, Travelers has a net loss."  (Am. Final

8   Pretrial Order, ECF No. 340 at 6:21–22.)  Plaintiff argues that the recoveries made by Plaintiff, as

9   a component of its net Loss and of Defendants' liability, are subject to the prima facie clause in

10   the Indemnity Agreement.  This Court agrees.

11          As previously referenced, surety indemnity agreements like the one before this Court have

12   been repeatedly upheld and enforced in California and elsewhere as giving rise to a presumption

13   of the reasonableness of the loss and expense incurred by the surety in resolving claims, and

14   consequently the surety's good faith in doing so.  *See Highland P'ship, Inc.*, 2012 WL 5928139,

15   at *9; *Gen. Ins. Co. of Am.*, 40 Cal. App. 3d at 444.  The Court intends to uphold this provision,

16   so that Plaintiff may present an itemized, sworn statement by an employee of the Company, or

17   other evidence of payment as prima facie evidence of the propriety, amount, and existence of

18   Indemnitors' liability, including recoveries.  Such evidence must still be admissible under the

19   Federal Rules of Evidence, and Defendants shall have the opportunity to object to or present

20   evidence to rebut the presumption.  Therefore, Plaintiff's motion is GRANTED.

21          K.        Plaintiff's Eleventh Motion in Limine (ECF No. 351)

22          Plaintiff's Eleventh Motion in Limine requests that the Court preclude Defendants from

23   presenting argument concerning the reasonableness of Plaintiff's recoveries.  (ECF No. 351.)

24   Plaintiff states that the Court's Order upholding the remedies section of the Indemnity Agreement

25   forecloses Defendants from questioning the reasonableness of Plaintiff's recoveries.  (ECF No.

26   351 at 6.)

27          Aside from the disclosure arguments that Defendants have raised as to every one of

28   Plaintiff's motions, Defendants oppose Plaintiff's motion on the grounds that Plaintiff was

1    required to mitigate its damages and that "Plaintiff forfeited over Five million dollars when it paid

2    Defendants' co-debtor, Dunmore Homes, in the bankruptcy proceeding."  (ECF No. 367 at 3–4.)

3    The entirety of the argument put forth by Defendants is as follows: "[t]he issue is of the payment

4    being made to a co-debtor whereby defendants are entitled to a reduction in the obligation owed

5    by the amount paid to Dunmore Homes, which Travelers should have kept and applied to the debt

6    of Defendants."  (ECF No. 367 at 4.)  Defendants offer no further explanation or case law to

7    support their argument.

8           As this Court already determined in its Summary Judgment Order, the Indemnity

9    Agreement gave Plaintiff

10                  the right in its sole discretion, to determine for itself and its
                    indemnitors whether any claim, demand or suit brought against
11                  Company or any Indemnitor in connection with or relating to any
                    Bond shall be paid, compromised, settled, tried, defended or
12                  appealed, and its determination shall be final, binding and
                    conclusive upon the Indemnitors.
13

14   (ECF No. 313 at 10 (quoting Ex. 1, Dec. 15, 2005 General Agreement of Indemnity, ECF No.

15   269-1 at 2).)  The Court found that Defendants' arguments concerning the reasonableness of the

16   payments that Plaintiff made on Defendants' behalf are irrelevant since the agreement gives sole

17   discretion to Plaintiff to determine for itself and its indemnitors how to proceed as to bond claims.

18   This includes recoveries.  Because Defendants have not presented this Court with any case law or

19   argument to support another outcome, Plaintiff's Eleventh Motion in Limine is hereby

20   GRANTED.

21          L.      Plaintiff's Twelfth Motion in Limine (ECF No. 352)

22          Plaintiff moves to exclude the testimony of Defendants' non-retained expert, Michael

23   Lutz, on the basis that Lutz's testimony goes to the reasonableness of payments made by Plaintiff

24   and is thus irrelevant.  (ECF No. 352 at 2.)  Defendants oppose Plaintiff's motion by once again

25   making far-reaching statements about Plaintiff attempting to escape the Federal Rules of Civil

26   Procedure and the Federal Rules of Evidence.  (*See generally* ECF No. 368 at 2–4.)

27          Based on the limited information before the Court as to Lutz's testimony, it appears that

28   Defendants are offering his testimony for the purpose of arguing the reasonableness of the

payments made by Plaintiff on Defendants' behalf.  As discussed numerous times throughout this order, that subject is inappropriate.  Thus, Plaintiff's Twelfth Motion in Limine is GRANTED. The Court hereby orders that Lutz is precluded from testifying as to the reasonableness of the payments that Plaintiff made on Defendants' behalf.  However, as referenced earlier in this Order, Defendants are not precluded from challenging Plaintiff's proffered loss amount should they believe that Plaintiff's figures do not represent the amount that Plaintiff paid on their behalf. Thus, should Defendants choose to present testimony by Lutz to rebut Plaintiff's prime facie evidence as to the loss it suffered, the Court will make the appropriate determination at that time as to whether Lutz has the knowledge to testify as to that matter.

**III.   CONCLUSION**

For the foregoing reasons, the Court orders as follows:

1.   Plaintiff's First Motion in Limine (ECF No. 341) is GRANTED;

2.   Plaintiff's Second Motion in Limine (ECF No. 342) is GRANTED;

3.   Plaintiff's Third Motion in Limine (ECF No. 343) is GRANTED;

4.   Plaintiff's Fourth Motion in Limine (ECF No. 344) is GRANTED;

5.   Plaintiff's Fifth Motion in Limine (ECF No. 345) is GRANTED;

6.   Plaintiff's Sixth Motion in Limine (ECF No. 346) is GRANTED;

7.   Plaintiff's Seventh Motion in Limine (ECF No. 347) is GRANTED;

8.   Plaintiff's Eighth Motion in Limine (ECF No. 348) is GRANTED;

9.   Plaintiff's Ninth Motion in Limine (ECF No. 349) is GRANTED

10. Plaintiff's Tenth Motion in Limine (ECF No. 350) is GRANTED;

11. Plaintiff's Eleventh Motion in Limine (ECF No. 351) is GRANTED;

12. Plaintiff's Twelfth Motion in Limine (ECF No. 352) is GRANTED;

13. Defendants' First Motion in Limine (ECF No. 354) is DENIED; and

14. Defendants' Second Motion in Limine (ECF No. 354) is DENIED.

Furthermore, the Court reminds the parties that the Amended Final Pretrial order sets out the required time frame for exchanging exhibits, and the parties were instructed during the Final Pretrial hearing to meet and confer and stipulate if possible to the authenticity and admissibility of

1  exhibits prior to trial.  The Court expects the parties to act with professionalism and civility and

2  not needlessly waste the Court's time over matters that can be dealt with by the parties.

3        IT IS SO ORDERED.

4  Dated: November 8, 2016

5

6  _____

7  Troy L. Nunley
   United States District Judge

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28