1

2

3

4

5

6

7

8                       UNITED STATES DISTRICT COURT

9                       EASTERN DISTRICT OF CALIFORNIA

10

11                                            No.  2:07-cv-02493-TLN-DB

TRAVELERS CASUALTY AND
12   SURETY COMPANY OF AMERICA, a
Connecticut corporation,
13                                            **ORDER GRANTING JUDGMENT
                                             CREDITOR'S MOTION FOR
          Plaintiff,                         REPATRIATION**
14

15        v.

16   SIDNEY B. DUNMORE, an individual;
SIDNEY DUNMORE TRUST DATED
17   FEBURARY 28, 2003, a California trust;
SIDNEY B. DUNMORE, Trustee for Sid
18   Dunmore Trust date February 28, 2003;
DHI DEVELOPMENT, a California
19   corporation; William H. NIEMI, an
individual; WILLIAM & BETH NIEMI,
20   1985 REVOCABLE FAMILY TRUST, a
California trust ,
21

          Defendants.
22

23        This matter is before the Court pursuant to Judgment Creditor TRAVELERS

24   CASUALTY AND SURETY COMPANY OF AMERICA's ("Judgment Creditor") Motion for

25   Repatriation.  (ECF No. 383.)  Judgment Debtors SIDNEY B. DUNMORE, an individual,

26   SIDNEY DUMORE TRUST DATED FEBUARY 28, 2003, and SIDNEY DUNMORE, as

27   Trustee for Sidney Dunmore Trust Dated February 28, 2003 (collectively "Judgment Debtors")

28

                                         1

opposed this motion. (ECF No. 395.) Judgment Creditor filed a reply. (ECF No. 396.) After carefully considering both parties' briefing, the Court hereby GRANTS Judgment Creditor's Motion for Repatriation. (ECF No. 383.)

## I.    FACTUAL AND PROCEDURAL BACKGROUND

The issues presented by this motion arise out of the judgment entered by this Court on March 29, 2017, awarding Judgment Creditor $15,599,237.28. (ECF No. 376.) After judgment was entered, Judgment Creditor entered a Notice of Entry of Judgment. (ECF No. 378.) Additionally, Judgment Creditor requested and obtained an Abstract of Judgment. (ECF Nos. 379 & 380.) Judgment Creditor then requested payment of the judgment from Judgment Debtors multiple times. (ECF No. 383-1 at 4.)

Still without payment of the judgment, Judgment Creditor began to investigate Judgment Debtors' possible assets. (ECF No. 383-1 at 4.) This included attempts by the Judgment Creditor to conduct debtor examinations. (ECF Nos. 390, 391, & 392.) However, Judgment Debtor did not appear at the examinations. (ECF No. 398.) Judgment Creditor is now aware of Judgment Debtors' assets held overseas that could satisfy the judgment. (ECF No. 383-1 at 4.) Specifically, Judgment Creditor asserts that Judgment Debtors obtained a $10,489,135 tax return in 2008 and produced other documents showing the transfer of millions of dollars to accounts outside of the United States[1]. (ECF No. 383-1 at 4.)

Judgment Creditor brings this motion to compel Judgment Debtors to repatriate the assets held overseas to the United States.[2]

## II.    ANALYSIS

Here, Judgment Creditor asserts that this Court has the authority to order Judgment Debtors to repatriate funds held outside the United States because the Court has personal jurisdiction over Judgment Debtors. (ECF No. 383-1.) Judgment Debtors responded stating that

---

[1]    After review of sealed documents, (ECF No. 387), the Court has determined that the information alleged by Judgment Creditor with regard to Judgment Debtor's money held overseas is correct as reflected in the documents presented to the Court.
[2]    Judgment Creditors requested the Court to take Judicial Notice of five case opinions. (ECF No. 383-3.) The Court finds it unnecessary to consider these documents to determine this motion. As a result, Judgment Creditor's request for Judicial Notice is DENIED. (ECF No. 383-3.)

1  Judgment Creditor has not provided any statutory authority for the Motion for Repatriation. (ECF

2  No. 395 at 3.)  In the reply, Judgment Creditor responds by pointing to Federal Rule of Civil

3  Procedure 69 as the statutory authority for this action.  (ECF No. 396 at 3.)

4  Federal Rule of Civil Procedure 69(a) governs enforcement of judgment proceedings in

5  federal court.  Proceedings supplementary to, and in aid of judgment, shall be in accordance with

6  the state law where the district court sits, unless a federal statute governs.  Fed. R. Civ. Proc.

7  69(a).  In other words, if a federal statute does not provide authority for enforcement proceedings,

8  the Court must turn to an examination of California law.  *See e.g. Hilao v. Estate of Marcos*, 95

9  F.3d 848, 851 (9th Cir. 1996).

10  The cases cited by Judgment Creditor do not provide any federal statutory authority for

11  this Court to order Judgment Debtors to repatriate assets held outside the United States.  In each

12  of the cases cited by Judgment Creditor, a specific federal statute provided the court with the

13  necessary authority to order repatriation.  *See Federal Trade Commission v. Affordable Media*,

14  *LLC*, 179 F.3d 1228 (9th Cir. 1999) (explaining that the court derived its authority to grant a

15  preliminary injunction ordering repatriation of assets held outside the United State from 15

16  U.S.C. § 53(b)); *United States v. Greene*, No. C-83-6107-MHP, 1984 WL 256, at *1 (N.D. Cal.

17  Mar. 30, 1984) (stating that the court had authority to order the repatriation of assets based on 26

18  U.S.C § 7402(a)).

19  Having found no federal statute applicable in this case, the Court turns to an examination

20  of California law.  *See e.g. Hilao*, 95 F.3d at 851.  California law explicitly provides that, at the

21  conclusion of a judgment debtor examination, the court may order the judgment debtor's interest

22  in property within his possession be applied to satisfy the judgment.  Cal. Civ. Proc. Code §

23  708.205.  Further, all non-exempt property within the possession of the judgment debtor is subject

24  to enforcement.  *Kono v. Meeker*, 196 Cal. App. 4th 81, 86, 126 Cal. Rptr. 3d 208, 211 (2011);

25  Cal. Civ. Proc. Code § 659.010.  Under California law, property for the protection of the

26  judgment debtor or judgment debtor's family is exempt from execution.  *Ford Motor Credit Co.*

27  *v. Waters*, 166 Cal. App. 4th Supp. 1, 8, 83 Cal. Rptr. 3d 826, 830 (Cal. App. Dept. Super. Ct.

28  2008).  Whether property qualifies as exempt is statutorily determined.  *Id*. at 8; Cal. Civ. Proc.

Code §§ 704.010–704.210.

The Court's personal jurisdiction over Judgment Debtors creates the authority to order Judgment Debtors to repatriate assets held outside the United States.  *See Gilmore Bank v. AsiaTrust New Zealand Ltd.*, 223 Cal. App. 4th 1558, 1564, 168 Cal. Rptr. 3d 525, 529 (2014) (stating that service of a repatriation order was properly served on a foreign defendant because the court possessed personal jurisdiction over the defendant).  Furthermore, Judgment Debtors produced no argument indicating the assets held overseas qualify as exempt property under California law and thus are not subject to this Court's orders.  Accordingly, to effectuate the satisfaction of the judgment entered by this Court, Judgment Debtors are ordered to repatriate the assets held overseas identified in this order, necessary to satisfy the judgment.

**IV.    CONCLUSION**

For the reasons set forth above, Judgment Creditor's Motion for Repatriation (ECF No. 383) is hereby GRANTED.  Judgment Debtors are ordered to repatriate assets held overseas, sufficient to satisfy the judgment, to the United States and to notify the Court of their compliance with this order within thirty (30) days.

IT IS SO ORDERED

Dated: December 8, 2017

_____
Troy L. Nunley
United States District Judge