UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TRAVELERS CASUALTY AND SURETY COMPANY OF AMERICA, a Connecticut corporation,<br><br>Plaintiff,<br><br>v.<br><br>SIDNEY B. DUNMORE, an individual; SIDNEY DUNMORE TRUST DATED FEBRUARY 28, 2003, a California trust; SIDNEY B. DUNMORE, Trustee for Sid Dunmore Trust dated February 28, 2003; DHI DEVELOPMENT, a California corporation; WILLIAM H. NIEMI, an individual; and WILLIAM & BETH NIEMI, 1985 REVOCABLE FAMILY TRUST, a California trust,<br><br>Defendants. | No. 07-cv-02493-TLN-DB<br><br>**ORDER DENYING DEFENDANTS' MOTION FOR RECONSIDERATION** |

This matter is before the Court on Defendants Sidney B. Dunmore, Sidney Dunmore Trust Dated February 28, 2003, Sidney B. Dunmore as Trustee for Sid Dunmore Trust dated February 28, 2003, DHI Development, William H. Niemi, and William & Beth Niemi, 1985 Revocable Family Trust's (collectively "Defendants") motion for reconsideration of this Court's Order to repatriate funds dated December 11, 2017. (ECF No. 400.) Plaintiff Travelers Casualty and Surety Company of America ("Plaintiff") opposes the motion. (ECF No. 407.) The Court has

1

carefully considered the briefing filed by the parties. For the reasons set forth below, the Court hereby DENIES Defendants' Motion for Reconsideration. (ECF No. 400.)

The Court entered judgment in this matter on March 29, 2017, awarding Plaintiff $15,599,237.28. (ECF No. 376.) After judgment was entered, Plaintiff entered a Notice of Entry of Judgment. (ECF No. 378.) Additionally, Plaintiff requested and obtained an Abstract of Judgment. (ECF Nos. 379 & 380.) Plaintiff then requested payment of the judgment from Defendants multiple times. (ECF No. 383-1 at 4.)

Still without payment of the judgment, Plaintiff began to investigate Defendants' possible assets. (ECF No. 383-1 at 4.) This included attempts by the Plaintiff to conduct debtor examinations. (ECF Nos. 390, 391, & 392.) However, Defendants did not appear at the examinations. (ECF No. 398.) Plaintiff became aware of Defendants assets held overseas that could satisfy the judgment. (ECF No. 383-1 at 4.) In a motion for repatriation, Plaintiff learned Defendants obtained a $10,489,135 tax return in 2008 and produced other documents showing the transfer of millions of dollars to accounts outside of the United States. (ECF No. 383 at 4.)

The Court issued an order on December 11, 2017, granting Plaintiff's motion for repatriation. (ECF No. 399.) The Court found that it had the authority to order the repatriation of funds based on the personal jurisdiction it held over Defendants. (ECF No. 399 at 4.) The Court ordered Defendants to repatriate funds necessary to satisfy the judgment within thirty days of the Order. (ECF No. 399 at 4.) Defendants filed the instant motion for reconsideration on December 18, 2017. (ECF No. 400.)

Before reconsideration may be granted, there must be a change in the controlling law, facts, or other circumstances, the need to correct a clear error, or the need to prevent manifest injustice. *Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co.*, 571 F.3d 873, 880 (9th Cir. 2009). As with motions to alter or amend a judgment made pursuant to Federal Rule of Civil Procedure 59(a), motions to reconsider are not vehicles permitting an unsuccessful party to "rehash" arguments previously presented. *See United States v. Rezzonico*, 32 F.Supp.2d 1112, 1116 (D. Az. 1998) (a motion for reconsideration "should not be used to ask the court to rethink what the court has already thought through—rightly or wrongly") (omitting internal citations and

quotation marks). Nor is a motion to reconsider justified on the basis of new evidence which could have been discovered prior to the court's ruling. Finally, "after thoughts" or "shifting of ground" do not constitute an appropriate basis for reconsideration. *Fay Corp. v. BAT Holdings One, Inc.*, 651 F.Supp. 307, 309 (W.D. Wash. 1987), *aff'd* 896 F.2d 1227 (9th Cir. 1990).

Defendants argue the Court should review the factual basis underlying its previous order and deny the remedy of repatriation because personal service was not affected on Defendants for the debtor's exam. (ECF No. 400 at 2.) In the alternative, Defendants ask the Court to clarify whether personal service of the debtor's exam was a prerequisite for the Court's order. (ECF No. 400 at 2.) Defendants argue that California Code of Civil Procedure § 708.110(d) requires personal service on all debtors for a debtor's exam. (ECF No. 400 at 2.) Defendants argue Plaintiff did not present any evidence that it personally served Defendants with notice of the debtor's exam. (ECF No. 400 at 2.) In so arguing, Defendants argue personal service of notice of a debtor's exam is a prerequisite for an order to repatriate. (ECF No. 400 at 2.) Defendants offer no explanation as to why a statute known and in effect at the time of the motion for repatriation is valid grounds for reconsideration by this Court.[1] Additionally, at the time of the motion for repatriation the Orders to appear at the debtor's exam were already on the docket. Defendants through simple diligence would have known — and in fact admitted in their opposition to the motion for repatriation that they did know about the debtor's exam — that they had not been personally served with orders to appear at the debtor's exam. (*Compare* ECF Nos. 393 & 394 *with* ECF No. 395.) Simply put, Defendants could have, and should have, made an argument regarding personal service in their opposition. Thus, Defendants are procedurally barred from raising an argument here for the first time that they were not personally served for the debtor's exam.

Second, Defendants discuss the case cited by the Court in its order, *Gilmore Bank v. Asia Trust New Zealand Ltd.*, 223 Cal. App. 4th 1558, 1564 (2014), as finding personal service is

---

[1] The Court has considerable doubts regarding the nature of California Code of Civil Procedure § 703.110(d) being a prerequisite to a motion or order for repatriation, and in fact finds no support for Defendants' contention. Nor do Defendants offer any support for this argument in their motion for reconsideration or reply. However, as the Court is denying the instant motion on procedural grounds, this issue need not be determined.

necessary to trigger any of the remedies provided for in California Civil Procedure Code § 708.110(a)–(e). Again, this case was available at the time of the Court's previous order as is demonstrated by the Court's citation to the case in its Order. Defendants offer no explanation as to why the evidence could not have been presented at the time of Defendants' opposition to the motion to repatriate.

Accordingly, Defendants' motion for reconsideration (ECF No. 400) does not provide any adequate grounds for the Court to reconsider granting Plaintiff's request for repatriation. For the foregoing reasons, Defendants' motion for reconsideration is hereby DENIED. Defendants shall promptly and timely repatriate funds in compliance with this Court's previous Order.

IT IS SO ORDERED.

Dated: August 16, 2018

Troy L. Nunley
United States District Judge