UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TRAVELERS CASUALTY AND SURETY COMPANY OF AMERICA, a Connecticut corporation,<br><br>Plaintiff,<br><br>v.<br><br>SIDNEY B. DUNMORE, an individual; SID DUNMORE TRUST DATED FEBRUARY 28, 2003, a California trust; SIDNEY B. DUNMORE, Trustee for Sid Dunmore Trust Dated February 28, 2003; DHI DEVELOPMENT, a California corporation; WILLIAM H. NIEMI, an individual; WILLIAM AND BETH NIEMI, 1985 REVOCABLE FAMILY TRUST, a California trust,<br><br>Defendant. | No. 2:07-CV-02493-TLN-DB<br><br>**SUPPLEMENTAL ORDER GRANTING TRAVELERS CASUALTY AND SURETY COMPANY OF AMERICA'S MOTION FOR REPATRIATION** |

This matter is before the Court pursuant to Plaintiff Travelers Casualty and Surety Company of America's ("Plaintiff") Motion for an Order Requiring Defendant Sidney B. Dunmore to Surrender his Passport ("Motion to Surrender Passport") (ECF No. 406) and Motion for Order of Contempt for Failure to Comply with Repatriation Order ("Motion for Contempt") (ECF No. 419). Defendants Sidney B. Dunmore, an individual, Sidney Dunmore Trust Dated February 28, 2003, and Sidney Dunmore as Trustee for Sidney Dunmore Trust dated February 28, 2003, (collectively, "Defendants") oppose both motions. (ECF Nos. 408 and 421.) Plaintiff filed

1

replies. (ECF Nos. 412 and 422.) The Court has received Defendants' Notice of Compliance (ECF No. 420) and accordingly supplements its previous December 8, 2017, Order Granting Judgment Creditor's Motion for Repatriation. (ECF No. 399.)

I. **FACTUAL AND PROCEDURAL BACKGROUND**

This Court entered judgment on March 29, 2017, against Defendants in the amount of $15,599,237.28. (ECF No. 376.) After Plaintiff made several unanswered requests to Defendants for payment and after learning Defendant Dunmore held assets overseas sufficient to satisfy the judgment, Plaintiff requested the Court issue an order for repatriation of Defendants' assets. (ECF No. 383.) On December 11, 2017, this Court granted Plaintiff's Motion for Repatriation (ECF No. 383) and ordered Defendants to "repatriate assets held overseas, sufficient to satisfy the judgment, to the United States, and to notify the Court of their compliance" within thirty (30) days. (ECF No. 399 at 4.) Defendants filed a Motion for Reconsideration of the Repatriation Order (ECF No. 400), which the Court denied on August 16, 2018. (ECF No. 413.) In its order denying reconsideration, the Court ordered Defendants to "promptly and timely repatriate funds" in compliance with the Court's previous Order. (ECF No. 413 at 4.)

In response to Defendants' failure to comply with the Order, Plaintiff filed motions requesting Defendant Dunmore surrender his passport and be held in contempt on January 8, 2018 and October 19, 2018, respectively. (ECF Nos. 406 and 419.) At the time of filing, Defendants had not complied with the Court's Order (ECF No. 399) to repatriate assets overseas, sufficient to satisfy the judgment. On October 26, 2018, one week following Plaintiff's Motion for Contempt, Defendants filed a Notice of Compliance ("Notice"). (ECF No. 420.) The Notice informed the Court that all assets subject to the Court's Order have been repatriated back to the United States, with a remaining balance, subject to an executed liquidation order, that will be available mid-June 2019. (ECF No. 420.) Plaintiff alleges Defendants' Notice is deficient, and requests this Court find Defendants' in contempt. (ECF No. 422 at 3–4.)

II. **ANALYSIS**

Plaintiff filed motions requesting Defendant Dunmore surrender his passport and be held in contempt (ECF Nos. 406 and 419) before Defendants filed the Notice (ECF No. 420) with the

2

Court. Prior to its Motion for Contempt, Plaintiff made numerous requests for payment from Defendants. (ECF No. 419-1 at 2.) Defendants consistently ignored these requests, prompting Plaintiff to ask for the Court's assistance in obtaining judgment. Although Defendants have since filed a Notice alleging compliance with the Order ordering repatriation of assets, the Court notes that Defendants' Notice failed to meet the thirty-day deadline that the Court reaffirmed in its Order Denying Motion for Reconsideration. (ECF No. 413 (reaffirming Order on August 17, 2018, requiring Defendants' to comply within thirty (30) day); ECF No. 420 (Notice filed on October 19, 2018).)

Moreover, the Notice is insufficient because it lacks supporting evidence, supplemented[1] only by a declaration by Defendants' attorney, Gary Gorski ("Gorski Declaration") (ECF Nos. 421-1) and screen-shots of bank statements which show amounts well-below the amount needed to satisfy the judgment. Plaintiff argues the Gorski Declaration is not admissible evidence because he "lacks personal knowledge." (ECF No. 422 at 5.) The Court agrees with Plaintiff and finds a blanket assertion of personal knowledge does not suffice to qualify the declaration as admissible evidence. *See* Fed. R. Civ. P. 56(c)(4) (stating a declaration must be "made on personal knowledge, [and] set out facts that would be admissible in evidence, and show that the declarant is competent to testify on the matters stated."). Because the Gorski Declaration does not set out facts to establish personal knowledge regarding, at minimum, Defendants' assets held overseas, the amount of these assets, and which assets have been repatriated, the Court places little weight on Gorski's statements related to Defendants' bank accounts and repatriated assets. *See Cleveland v. Groceryworks.com, LLC*, 200 F. Supp. 3d 924, 940 (N.D. Cal. 2016) (striking all portions of Plaintiff's declaration because, although it stated Plaintiff had personal knowledge, it did not "set forth facts that would establish his personal knowledge").

Without more, the Court only has Defendants' October 26, 2018, Notice that declares that assets sufficient to satisfy the judgment have been repatriated. Despite this Notice, Plaintiff has apparently received no portion of these allegedly repatriated assets. (ECF No. 422 at 8.)

---

[1] These supplements were not contained within the Notice, rather they were contained within Defendants' Opposition to Plaintiff's Motion for Contempt. (ECF No. 421.)

Admittedly, the Court agrees with Defendants that its Notice substantially complied with the Court's Order for Repatriation because the Court's Order indicated that the Defendants must "repatriate assets held overseas" and "notify the Court of their compliance." (ECF No. 399 at 4.) However, the Court is careful to note that "a party's compliance with a court order cannot be avoided by a 'literal or hypertechnical reading of an order,' for it is the 'spirit and the purpose of the [order], not merely its precise words, that must be obeyed.'" *NASCO, Inc. v. Calcasieu Television & Radio, Inc.*, 583 F. Supp. 115, 120 (W.D. La. 1984) (*citing Nat'l Research Bureau, Inc. v. Kucker*, 481 F. Supp. 612, 615 (S.D.N.Y. 1979)).

The "spirit and purpose" of the Court's Order was to ensure Plaintiff received full payment of the judgment as soon as possible. *Id.* Simply repatriating the assets back to the United States without payment, does not comport with the spirit and purpose of the Order. Defendants are well-aware that this Court issued a judgment in favor of Plaintiff nearly two years ago and no payment has been made. The Court now clarifies for Defendants what actions must be taken in addition to its prior Notice.

### III. CONCLUSION

It is HEREBY ORDERED that within seven (7) days following electronic filing of this Order, Defendants shall:

A. Provide the Court and Plaintiff with a full accounting of all assets, accounts, or documents in foreign countries **currently** held: (1) by them; (2) for their benefit; (3) in trust by or for them, individually or jointly; or (4) under their direct or indirect control, individually or jointly;

B. File with the Court[2] and serve on Plaintiff a full accounting of all assets, accounts, or documents that had been repatriated to the United States pursuant to this Court's Order for Repatriation (ECF No. 383). This includes all assets, accounts, or documents held: (1) by them; (2) for their benefit; (3) in trust by or for them, individually or jointly; or (4) under their direct or indirect control, individually or jointly;

///

---

[2] Defendants may seek to file such documents under seal pursuant to Local Rules 140 and 141.

4

C. Hold and retain all repatriated assets, accounts, or documents and prevent any transfer, disposition, or dissipation whatsoever of any such assets or documents; and

D. File with the Court and serve on Plaintiff all bank statements, records, or documents held by financial institutions showing that repatriated assets, sufficient to satisfy the judgment, are located within the United States.

Failure to comply with this Order within seven days will result in this Court granting Plaintiff's Motion to Surrender Passport (ECF No. 406) and Motion for Contempt (ECF No. 419) without further notice to the parties. An order of contempt may include an order remanding Defendant Dunmore into the custody of the U.S. Marshals Service to be imprisoned until he complies with this Order.

IT IS SO ORDERED.

Dated: March 5, 2019

Troy L. Nunley
United States District Judge