UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TRAVELERS CASUALTY AND SURETY COMPANY OF AMERICA, a Connecticut corporation,<br><br>Plaintiff,<br><br>v.<br><br>SIDNEY B. DUNMORE, an individual; SID DUNMORE TRUST DATED FEBRUARY 28, 2003, a California trust; SIDNEY B. DUNMORE, Trustee for Sid Dunmore Trust Dated February 28, 2003; DHI DEVELOPMENT, a California corporation,<br><br>Defendants. | No. 2:07-cv-2493 TLN DB<br><br>ORDER |

On September 10, 2019, plaintiff filed a motion to compel and noticed the motion for hearing before the undersigned pursuant to Local Rule 302(c)(1). (ECF No. 444.) Defendant, however, failed to file a response to the motion to compel in violation of Local Rule 251(e). Accordingly, on September 24, 2019, the undersigned issued an order ordering defendant to show cause for failing to comply with the Local Rules, providing defendant a final opportunity to file a response to plaintiff's motion, and continuing the hearing of plaintiff's motion to October 25, 2019. (ECF No. 445.)

////

1

On September 24, 2019, plaintiff filed an application for reconsideration. (ECF No. 446.) On October 14, 2019, defendant's counsel filed a motion to withdraw and a response to the September 24, 2019 order. (ECF Nos. 447 & 448.) Plaintiff filed a reply on October 18, 2019. (ECF No. 450.) Having reviewed the parties' filings, the undersigned finds that plaintiff's motion to compel can be decided on the record without a hearing pursuant to Local Rule 230(g).

## I. Plaintiff's Application For Reconsideration

"A motion for reconsideration should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law." Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co., 571 F.3d 873, 880 (9th Cir. 2009) (quotation omitted). "A party seeking reconsideration must show more than a disagreement with the Court's decision[.]" U.S. v. Westlands Water Dist., 134 F.Supp.2d 1111, 1131 (E.D. Cal. 2001) (quotation omitted).

Here, plaintiff's application for reconsideration presents nothing more than a disagreement with the September 24, 2019 order. In this regard, plaintiff argues that the September 24, 2019 order ordering defendant to file an opposition should "be modified or deleted because there is no reason for allowing Defendant to file an opposition" as defendant has "waived any objections" by providing no response to the discovery requests. (Pl.'s Mot. Recon. (ECF No. 446) at 2.)

The September 24, 2019 order, however, directed defendant to file an opposition or statement of non-opposition on or before October 11, 2019. (ECF No. 445 at 2.) The undersigned is aware of no authority—and plaintiff has cited none—that prohibits the court from ordering briefing from the parties. Assuming arguendo that defendant waived any and all objections, the court may still receive briefing and argument from the defendant—even if those arguments ultimately prove to be without legal support, unpersuasive, and/or without merit.

Accordingly, plaintiff's application for reconsideration is denied.

## II. Plaintiff's Motion to Compel

As recounted above, plaintiff filed a motion to compel on September 10, 2019. (ECF No. 44.) Defendant failed to file any response to that motion. On September 24, 2019, the undersigned ordered defendant to file a response to the motion to compel "on or before **October**

2

**11, 2019**." (ECF No. 445 at 2) (emphasis in original). On October 14, 2019, defense counsel filed an untimely response stating simply that "[f]or the reasons stated in" counsel's motion to withdraw counsel "cannot sign either an opposition or non-opposition under Rule 11[.]" (ECF No. 448 at 1.) Counsel's motion to withdraw asserts, in a vague and conclusory manner, that plaintiff "is attempting to have [defense counsel] sign discovery responses . . . and seeking enforcement power over [defense counsel] personally" which "is unsupported by the existing statutory scheme for judgment creditors to exercise their rights and remedies." (Gorski Decl. (ECF No. 447-1) at 3.) Defense counsel concludes by claiming that there exists "irreconcilable differences and conflict of interest" between defense counsel and defendant. (Id. at 5.) Accordingly, defense counsel "will not sign any opposition, non-opposition, and discovery response[.]" (Id.)

Although it is difficult to discern from defense counsel's sparse, vague, and conclusory argument, defense counsel's assertions seem at odds with email evidence submitted in support of plaintiff's motion. Those exhibits appear to show that on August 9, 2019, defense counsel emailed plaintiff's counsel regarding plaintiff's "interrogatories and requests for documents" and asked plaintiff's counsel to "resubmit them to me . . .. and I will get responses out to you." (Pl.'s Ex. 3 (ECF No. 444-1) at 23.) Another email appears to reflect that as recently as September 5, 2019—just 5 days prior to the filing of the motion to compel—defense counsel was communicating with plaintiff's counsel on defendant's behalf. (Pl.'s Ex. 4 (ECF No. 444-1) at 28-29.)

Regardless, plaintiff's motion to compel is before the undersigned, not defense counsel's motion to withdraw. The record before the undersigned is as such. On September 10, 2019 plaintiff filed a motion to compel. Defendant filed no response to that motion. Defendant was then ordered to file an opposition or statement of non-opposition on or before October 11, 2019.

On October 14, 2019, defense counsel filed an untimely response. Counsel's response fails to address why the court was required to order counsel to file a response and fails to even acknowledge that the response was untimely, let alone attempt to offer an excuse for failing to comply with the undersigned's order. Defense counsel's response states, in essence, that defense

counsel—who remains defendant's counsel until the time a motion to withdraw is granted—will not submit an opposition or statement of non-opposition.

Under these circumstances, the undersigned will grant plaintiff's unopposed motion to compel.

Accordingly, IT IS HEREBY ORDERED that:

1. The October 25, 2019 hearing of plaintiff's motion to compel (ECF No. 444) is vacated;

2. Plaintiff's September 10, 2019 motion to compel (ECF No. 444) is granted;

3. Within 28 days of the date of this order, defendant shall provide written responses and produce documents in response to plaintiff's discovery requests; and

4. Plaintiff's September 24, 2019 application for reconsideration (ECF No. 446) is denied.

Dated: October 23, 2019

DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DLB:6
DB\orders\orders.civil\travelers2493.mtc .ord

4