1

2

3

4

5

6

7

8                     UNITED STATES DISTRICT COURT

9               FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   TRAVELERS CASUALTY AND                    No. 2:07-cv-2493 TLN DB
     SURETY COMPANY OF AMERICA, a
12   Connecticut corporation,

13                       Plaintiff,                    ORDER

14        v.

15   SIDNEY B. DUNMORE, an individual;
     SID DUNMORE TRUST DATED
16   FEBRUARY 28, 2003, a California trust;
     SIDNEY B. DUNMORE, Trustee for Sid
17   Dunmore Trust Dated February 28, 2003;
     DHI DEVELOPMENT, a California
18   corporation,

19                       Defendants.

20

21        On December 4, 2019, plaintiff/judgment creditor filed a motion for an order of contempt

22   and noticed the motion for hearing before the undersigned on December 27, 2019.  (ECF No.

23   457.)  On December 13, 2019, defense counsel filed a response.  (ECF No. 458.)  Plaintiff filed a

24   reply on December 20, 2019.  (ECF No. 459.)  Having reviewed the parties' filings, the

25   undersigned finds that this matter may be submitted on the record pursuant to Local Rule 230(g)

26   and will vacate the December 27, 2019 hearing.  Moreover, plaintiff's motion will be granted as

27   explained below.

28   ////

                                                1

## BACKGROUND

On September 10, 2019, plaintiff filed a motion to compel. (ECF No. 444.) Defendant failed to file a response to the motion to compel in violation of Local Rule 251(e). Accordingly, on September 24, 2019, the undersigned issued an order ordering defendant to show cause for failing to comply with the Local Rules and providing defendant a final opportunity to file a response to plaintiff's motion. (ECF No. 445.)

On October 14, 2019, defense counsel filed a motion to withdraw and a response to the September 24, 2019 order.[1] (ECF No. 447.) On October 24, 2019, the undersigned issued an order granting plaintiff's motion to compel and ordering defendant to provide discovery responses within twenty-eight days. (ECF No. 452.)

On December 4, 2019, plaintiff filed the pending motion for contempt. (ECF No. 457.) Defense counsel filed a response on December 13, 2019. (ECF No. 458.) Plaintiff field a reply on December 20, 2019. (ECF No. 459.)

## ANALYSIS

Plaintiff's motion seeks an order ordering: (1) the judgment debtors held in contempt; (2) defendant Sidney B. Dunmore to surrender his passport; (3) Sidney B. Dunmore be remanded into the custody of the U.S. Marshals Service and be imprisoned until discovery responses are provided. (ECF No. 457 at 3.) Plaintiff also seeks monetary sanctions. (ECF No. 457-1 at 7.) However, although styled as a motion for an order of contempt for failure to comply with the undersigned's October 24, 2019 order granting plaintiff's motion to compel, plaintiff's motion attempts to interject separate matters into this dispute.

In this regard, plaintiff argues that it "previously filed a Motion for an Order" requiring defendant to surrender his passport. (ECF No. 457-1 at 5.) Plaintiff "hereby requests that the Court issues its ruling on Travelers' request that Sidney B. Dunmore be required to surrender his passport until he fully complies with the Repatriation Order." (Id.) However, as plaintiff

////

---

[1] The motion to withdraw is pending before the assigned District Judge.

2

acknowledges, that motion has been submitted before the assigned District Judge.[2] (Id.; ECF No. 411.) The undersigned cannot rule on a motion pending before the assigned District Judge.[3]

Plaintiff's motion also requests that the defendant "be remanded into the custody of the U.S. Marshals Service and imprisoned until such time as Judgment Debtors repatriate all funds held overseas and pay those funds to Travelers[.]" (ECF No. 457-1 at 6.) Again, the issue of repatriated funds is not before the undersigned.

What is before the undersigned is defendant's failure to comply with undersigned's October 24, 2019 order. And as to that, the parties seem to agree. Defendant Dunmore has not complied with the October 24, 2019 order and "has not responded to [defense] counsel's requests." (ECF No. 458 at 2.) Defense counsel, however, "has produced all tax and financial documents" in defense counsel's possession. (Id. at 1.) Plaintiff acknowledges that production. (ECF No. 459 at 2.) Thus, it appears to the undersigned that while defense counsel has attempted to comply with the undersigned's order defendant has not.

Accordingly, the undersigned will sanction defendant for defendant's failure to comply with the undersigned's order. Plaintiff's motion asserts that plaintiff "has incurred reasonable expenses, including attorney's fees . . . in excess of $5,000." (ECF No. 457-1 at 3.) Plaintiff's reply, however, states that plaintiff "has incurred $4,150.00 in attorney's fees and costs directly related to seeking this discovery."[4] (ECF No. 459 at 2.) The undersigned will, therefore, award plaintiff $4,150 in sanctions. The sanction is against defendant and not defense counsel.

////

---

[2] Plaintiff also notes that plaintiff submitted applications for judgment debtor examinations "which have never been ruled upon." (ECF No. 457 at 3.) The court is aware of plaintiff's applications.

[3] Plaintiff should not include such a request in future filings.

[4] Plaintiff's reply also states that "[h]earing on this motion will require at least another three hours of attorney time, including travel time." (ECF No. 459 at 2.) Plaintiff is advised that the undersigned does not normally compensate attorneys for travel time in light of the undersigned's policy encouraging telephonic appearance. See http://www.caed.uscourts.gov/caednew/index.cfm/judges/all-judges/united-states-magistrate-judge-deborah-barnes-db.

**CONCLUSION**

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's December 4, 2019 motion for order of contempt (ECF No. 457) is granted;

2. The December 27, 2019 hearing of plaintiff's motion is vacated;

3. Within 28 days of the date of this order, defendant shall provide written responses and produce documents in response to plaintiff's discovery requests in compliance with the October 24, 2019 order; and

4. Within twenty-eight days of the date of this order, defendant shall pay plaintiff $4,150 in sanctions.[5]

Dated: December 23, 2019

DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DLB:6
DB\orders\orders.civil\travelers2493.contempt.ord

---

[5] Plaintiff is advised that, while the undersigned takes compliance and enforcement of orders seriously, the undersigned does not anticipate serial motions for contempt and compliance.

4