UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TRAVELERS CASUALTY AND SURETY COMPANY OF AMERICA, a Connecticut Corporation,<br><br>Plaintiff,<br><br>v.<br><br>SIDNEY B. DUNMORE, an individual; SID DUNMORE TRUST DATED FEBRUARY 28, 2003, a California trust; SIDNEY B. DUNMORE, Trustee for Sid Dunmore Trust Dated February 28, 2003; and DHI DEVELOPMENT, a California corporation,<br><br>Defendants, | No. 2:07-cv-02493-TLN-DB<br><br>**ORDER** |

This matter is before the Court on Gary W. Gorski's Motion to Withdraw as counsel for Defendants Sidney B. Dunmore, an individual; Sid Dunmore Trust, dated February 28, 2003, a California Trust; and Sidney B. Dunmore Trustee for Sid Dunmore Trust (collectively, "Defendants"). (ECF No. 447.) Plaintiff and Judgment Creditor Travelers Casualty and Surety Company of America ("Plaintiff") partially opposes Gorski's motion. (ECF No. 454.) For the reasons stated herein, Mr. Gorski's Motion to Withdraw is GRANTED.

### I.  FACTUAL AND PROCEDURAL BACKGROUND

This action was closed on March 29, 2017 (*see* ECF No. 376), and since its closure, the parties have engaged in and apparently resolved a lengthy dispute over Defendants satisfactorily complying with the judgment.[1]  At the time this motion was filed, there were pending matters in this action. (*See, e.g.*, ECF Nos. 444, 446.)

Mr. Gorski's instant motion to withdraw states that irreconcilable differences and a conflict of interest have arisen between him and his client, Dunmore, making it "unreasonably difficult" to carry out his representation effectively.  (ECF No. 447-1 ¶ 11.)  He further states that he served the document on Dunmore by mail and email.  (*Id.* at ¶ 4.)  Specifically, he states that he served Dunmore at "the last known mailing addresses [he was] aware of."  (*Id.* at ¶ 5.)

Plaintiff in opposition argues that the motion should be denied or at the very least Mr. Gorski should remain Defendants' attorney of record until all pending matters are resolved.  (ECF No. 545 at 2.)  Next, Plaintiff argues that by granting Mr. Gorski's motion, Dunmore will be left *in propia persona*, and as an entity, the Sid Dunmore Trust will be left without the ability to defend itself as Dunmore is not an attorney.  (*Id.* at 2.)

### II.  STANDARD OF LAW

In the Eastern District of California, attorneys representing parties to a civil case are subject to the Court's Local Rule 182(d) which provides:

> Unless otherwise provided herein, an attorney who has appeared may not withdraw leaving the client *in propria persona* without leave of court upon noticed motion and notice to the client and all other parties who have appeared.  The attorney shall provide an affidavit stating the current or last known address or addresses of the client and the efforts made to notify the client of the motion to withdraw.  Withdrawal as attorney is governed by the Rules of Professional Conduct of the State Bar of California, and the attorney shall conform to the requirements of those Rules.  The authority and duty of the attorney of record shall continue until relieved by order of the Court issued hereunder.  Leave to withdraw may be granted subject to such appropriate conditions as the Court deems fit.

E.D. Cal. L.R. 182(d).

---

[1]  On December 23, 2019, the Magistrate Judge issued an order directing Defendants to pay sanctions and produce written responses to Plaintiff. (ECF No. 460.)  Neither party has filed anything since this order, and as such, the Court understands this matter to be resolved.

1    Under the California Rules of Professional Conduct, an attorney may not withdraw unless
2    he "has taken reasonable steps to avoid reasonably foreseeable prejudice to the rights of the
3    client, including giving due notice to the client, allowing time for employment of other counsel,
4    complying with rule 3-700(D), and complying with applicable laws and rules."  Cal. R. Prof.
5    Conduct 3-700(A)(2); *see also CE Res., Inc. v. Magellan Group, LLC*, No. 2:08-cv-02999-MCE-
6    KJM, 2009 WL 3367489, at *1 (E.D. Cal. Oct. 14, 2009); *McClintic v. U.S. Postal Serv.*, No.
7    1:13-cv-00439, 2014 WL 51151, at *2 (E.D. Cal. Jan. 7, 2014).

8    When considering a motion to withdraw as counsel, the Court will weigh the following
9    four factors: (1) the reasons why withdrawal is sought; (2) the prejudice withdrawal may cause to
10   other litigants; (3) the harm withdrawal might cause to the administration of justice; and (4) the
11   degree to which withdrawal will delay resolution of the case.  *See, e.g.*, *CE Res., Inc.*, 2009 WL
12   3367489, at *2 (collecting cases).  Ultimately, the Court's ruling must involve a balancing of the
13   equities.  The decision to grant or deny a motion to withdraw is within the Court's discretion.  *See*
14   *United States v. Carter*, 560 F.3d 1107, 1113 (9th Cir. 2009); *McNally v. Eye Dog Found. for the*
15   *Blind, Inc.*, No. 1:09-cv-01174-AWI-SKO, 2011 WL 1087117, at *1 (E.D. Cal. Mar. 24, 2011).

16   **III.   ANALYSIS**

17   Mr. Gorski asks the Court to grant his request to withdraw as counsel.  (ECF No. 447-1 ¶
18   11.)  California Rule of Professional Conduct 1.16(b)(4) permits an attorney to withdraw from
19   representing a client where the client has rendered it "unreasonably difficult" for the attorney to
20   carry out the representation effectively.  *Wyman v. High Times Prods., Inc.*, No. 2:18-CV-02621-
21   TLN-EFB, 2020 WL 6449236, at *3 (E.D. Cal. Nov. 3, 2020).  Mr. Gorski has provided an
22   affidavit stating that an "irreconcilable difference" and "conflicts of interest" make it impossible
23   for him to "adequately represent [his] client's interest."  (ECF No. 447-1 ¶¶ 17, 21.)  Although
24   Mr. Gorski does not provide more details of the conflict of interest due to attorney-client
25   privilege, the Court has no reason to disbelieve counsel's assertion.

26   This case is closed, and nothing has been filed by either party since December 2019.
27   Accordingly, the Court finds the risk of prejudice to Defendants is minimal.  In applying the
28   factors above, the Court finds it equitable to allow Mr. Gorski to withdraw from the action.

However, as Plaintiff points out, the Sid Dunmore Trust cannot be left *in propia persona* and must be represented by counsel. *See Best Deals on TV, Inc. v. Naveed*, No. C 07-1610 SBA, 2008 WL 178254, at *1 (N.D. Cal. Jan. 18, 2008) (explaining that entities may only appear in federal court through counsel). Therefore, Plaintiff must file a status report with the Court stating whether they plan to continue prosecuting this action, necessitating Defendants' retention of counsel.

### IV. CONCLUSION

For the foregoing reasons, the Court hereby GRANTS the Motion to Withdraw. (ECF No. 447.)

Plaintiff is directed to file a notice with the Court within 30 days of this Order stating whether they intend to file anything further with the Court regarding Defendants' compliance with the judgment. If Plaintiff intends to continue litigating this matter, Defendants will be ordered to retain counsel.

The Clerk of the Court is directed to serve this Order on Defendants at Sidney B. Dunmore, 9220 Royal Crest Ct, Granite Bay, California 95747; and Sidney B. Dunmore, 1224 Coloma Way, Ste 150, Roseville, California 95661.

IT IS SO ORDERED.

Dated: September 17, 2021

Troy L. Nunley
United States District Judge